Hart v. Jewett, et al.

HART v. JEWETT, et al.

1. JUDGMENT OF PROBATE COURT. A judgment of the county court allowing a claim and directing an administrator to pay the same pro rata with other claims of a certain class, the court having jurisdiction of the subject matter and of the parties, is conclusive upon the administrator until it is properly reversed or set aside.

2. SAME: ALLOWANCE OF A CLAIM. The county court may allow or dis-

allow a claim and designate the class of claims in which it shall be paid; and the Code contemplates a judgment for a specific sum after the assets are ascertained to be insufficient for the payment of all the debts of any one class.

3. SAME. When a claim has been allowed and its class designated by the county court, it should be paid ratably with other claims of the same class, when the assets are insufficient to pay the full amount of all

4. ORDER OF PAYMENT OF CLAIMS AGAINST AN ESTATE. The assets of an estate of a decedent should be applied in the payment of claims in the following order: 1, Expenses of administration; 2, Charges of last sickness and funeral expenses; 3, Allowances made to the widow and minor children; 4, Debts entitled to a preference under the laws of the United States; 5, Public rates and taxes; 6, Claims filed within six months after notice of the appointment of an administrator; and the court should not order the payment of a claim in the sixth class until it is shown that assets remain after satisfying the claims belonging to the preceding classes; and assets thus remaining should be applied to the payment of all claims in that class ratably. Assets remaining after the payment of all claims of that class should be applied to other debts and legacies.

## Appeal from Polk District Court.

### WEDNESDAY, DECEMBER 12.

LETTERS of administration were granted to the defendant Jewett and another, on the estate of Elijah Eaton, deceased, on the 13th of March, 1855. On the 18th of June of the same year plaintiff filed in the probate office his demand against said estate, sworn to, of which the administrator's had notice, but no formal order of allowance was made of the same by the court until the 17th of August, 1857, as hereinafter stated. The parties appeared before the county court, on the date last aforesaid, and after due submission it was found, "that said Hart has a claim against said estate amounting at this date to $1,913,75; that the claim was filed in the county court June 18, 1855. It is therefore ordered by the court that the said executors pay the said claim, and that the same be paid by them, *pro rata*, with the claims in the class (3d) with which the same was filed." From this order an appeal was taken to the District Court, where sub-

sequently a judgment of affirmance was entered. May 3rd, 1858, after notice to the administrators and their sureties, upon the application of plaintiff, it was found that said administrators had failed, without sufficient cause, to pay plaintiff's claim; that the whole of said claim was due according to the order of 17th August, 1857; and it was therefore ordered that plaintiff recover of defendants the said sum ($1,913,75) with interest from the former order, and costs. Defendants appealed from this judgment, and in the District Court were again unsuccessful, judgment being rendered against them for $2,128, with interest thereon and for costs.

From the evidence it seems that the administrators, on the 25th of July, 1857, represented to the county court that the claims not *filed* within six months from the date of the publication of notice of their appointment amounted (including plaintiff's) to $2,563,57; that there was then due the estate $870,60, and that the claims filed *within* six months amounted to $615,29. February 21, 1857, they reported that they had received $2,501,52, and had paid out $1092,18. May 3rd, 1858, they filed a further report showing additional receipts to the amount of $119,55, and disbursements in the sum of $617,97. It was admitted that the accounts and demands referred to in the several reports were marked "allowed" by the administrators and "approved" by the county judge.

*C. C. Cole* and *J. E. Jewett* for the appellants.

*Casady, Crocker & Polk* for the appellee.

WRIGHT, J.—Without now determining, whether, under the statute, if a claim is filed within six months after the giving of notice by the administrator, but not finally *allowed* until the expiration of the time, it will come within the third class of claims provided for in section 1372 of the Code; we say without now determining this question, we are of the

opinion that the order made by the county court on the 17th of August, 1857, is conclusive as to the duty of the administrators in paying plaintiff's claim. The subject matter of that adjudication and the parties to it, were within the jurisdiction of the tribunal; and however irregular or erroneous the order may have been, it must be regarded as concluding the parties until the same was reversed or in some manner set aside. Thus, if we grant that it was improper to require the administrators to treat this claim as if duly presented and proved, within the six months, yet so long as such order continues in force they are bound by it and must govern themselves accordingly. And it can make no difference that they made payments upon claims prior or subsequent to this order, upon the hypothesis that this claim was not presented and proved so as to fall within the third class; for this adjudication and order fixes their liability and duty in this respect, and by it their obligation must be measured in the present instance. To reverse this order an appeal was taken, which was not prosecuted, but on the plaintiff's motion said order was affirmed and is now in full force and effect. If, therefore, injustice is to result to appellants in the present attitude of the case, it is because of the conclusive effect of the order referred to, and because to give it less effect would be to disregard the plainest principles applicable to the judgments and orders of courts of competent jurisdiction.

II. It is no sufficient objection to the order, that it directs plaintiff's claim to be paid *pro rata.* This portion of the order could well be rejected as surplusage and its legal effect and meaning remain the same. The legal duty of the administrators was, (treating the claim as of the third class,) to pay it as they paid other like claims. And though the order, at the time of the allowance, had been for its payment, yet if the assets were not sufficient to pay all such claims in full, they would only be bound to a ratable payment. As we understand the duty of the court, it was simply to allow or disallow the claim, designating its class,

and it was not its duty to designate or fix at the time the per cent which the administrator was to pay. This, in the nature of things, could not be done. It is only when the assets are ascertained, as contemplated by the Code and the several claims determined in the same manner, that an order for the amount or per centum to be paid to each creditor would become necessary. And such an order is only contemplated in the event that there are not likely to be means sufficient to pay all the debts of any one class. (Sections 1378-9.)

III. In this case we understand that the county court by the final one found that the administrators had sufficient in their hands to pay *all* of plaintiff's claim; and it was therefore not required, as claimed by appellant, that a dividend should be struck. The finding itself, by its very terms, negatives the necessity and propriety of such a dividend. Whether this finding by the District Court was warranted upon the evidence submitted, we finally come to inquire.

IV. Upon this subject the record is exceedingly barren and confused, and we are constrained to the conclusion that sufficient is not shown to justify a judgment against the administrators and sureties for the full amount of plaintiff's claim. We do not say that upon a final hearing they may not be liable, but only hold that from the proof presented there is not sufficient to warrant the conclusion that this claim, from the assets, could be paid in full. Some of the difficulties in the way will be suggested.

The whole amount of the assets is nowhere shown. Nor does it appear conclusively, that we have before us all the debts proven against the estate. Then again, the expenses of administration are not stated nor the charges of the last sickness and funeral of the deceased. These expenses and charges being paid, it was next the duty to pay the widow and minor children any allowance made by the court for their maintenance. After these, debts entitled to preference under the laws of the United States, and public rates and

Hart v. Jewett, et al.

taxes in their order. These paid, claims filed within six months after the notice given of their appointment by the executors, then all other debts, and finally legacies. (Sections 1370–1–2.) And yet notwithstanding these requirements, there is nothing whatever to show to what one of the several classes stated the claims proved up belong · Until this was ascertained, we can not see how it could be determined that the administrators were liable for the whole claim. And here it may be remarked that their liability is not placed upon the ground of fraud or mal-administration upon their part, but upon the ground that there was sufficient found in their hands to pay this claim. And we further suggest that the general order, in the finding of August 17, 1857, that the administrators "pay said claim," must be taken in connection with the further direction that it be paid *pro rata*, and when properly understood it only means that it was to be paid from the assets in the same manner as other claims belonging to the third class.

We conclude, therefore, that the cause should be reversed and remanded to the District Court, with instructions to send the same to the county court, to ascertain the defendant's liability upon the basis above stated. And to this end the county court will first apply the assets to the expenses of administration; *second*, the charges of the last sickness and funeral expenses; *third*, any allowance made to the widow and minor children as provided in section 1371 of the Code; *fourth*, debts entitled to a preference under the laws of the United States; *fifth*, public rates and taxes; and *sixth*, claims filed within six months, *including the claim of plaintiff*. And if after satisfying the several demands entitled to preference over those of the *sixth* class as above classified, assets remain they are to be applied ratably, without reference to the fact that the administrators may have paid all of some of the claims of said sixth class, the said plaintiff to stand in all respects as if his claim had been proved, filed, allowed and recognized within the six months. After this, if assets remain,

they will be applied to all other debts and legacies.

Reversed and remanded.