HAMILTON v. BISHOP, SHERIFF, *et al.*

1. Fraud: NOT PRESUMED. Allegations of fraud and collusion must be affirmatively established by the evidence, and will not be presumed from acts of the parties which may be accounted for on the basis of the utmost good faith.

*Appeal from Lee District Court.*

WEDNESDAY, JUNE 5.

SUIT in equity by a junior judgment creditor, to enjoin a sale of certain real estate under special execution upon a judgment for a prior lien. The plaintiff's claim is based

upon an alleged payment of the prior lien, and a fraudulent assignment thereof to one of the defendants. The District Court rendered judgment for defendant, and the plaintiff appeals.

*Robt. H. Gilmore* for the appellant.

*J. H. Craig* for the appellee.

COLE, J.—The plaintiff obtained a judgment in June, 1859, against the defendant, George Hardesty, for a little over fifteen hundred dollars. This judgment was obtained upon a debt secured by mortgage, upon lot five, in Fayette square, Keokuk. The defendant George Hardesty had, prior to the execution of the note and mortgage to plaintiff, executed a note and deed of trust upon the same property, to secure the note, to Charles Parsons & Co. In September, 1864, Parsons & Co. brought suit upon their note and deed of trust, and made the plaintiff, as well as Hardesty, defendant therein. In the same month they obtained judgment for a little less than fifteen hundred dollars, and an order for the foreclosure of the trust deed, and barring the equity of plaintiff in the trust property. While this last suit was pending Hardesty claimed, in conversation with Parsons & Co. and their attorney, that there was a large amount of usury in the debt secured by the deed of trust, and that he should interpose that defense, unless they would agree to take a certain amount named, which was a little less than half the amount due, as shown by the note and deed of trust.

It was finally agreed that Parsons & Co. should take their judgment, absolute upon its face, for the whole amount of their claim; but that Hardesty might discharge it by the payment, within a fixed time, of the amount he claimed was due thereon, exclusive of usury.

The judgment was accordingly taken, but Hardesty failed to make the payment within the time fixed by their parol agreement as above. In June, 1865, Parsons & Co. assigned the judgment to the defendant, Diedrich Buss, for the same amount, together with interest thereon, they had agreed to accept of the defendant Hardesty. Execution was thereafter issued on this judgment, and levied upon the property by the defendant Bishop, who was sheriff of Lee county, and it was advertised for sale, when this suit was brought to enjoin the sale. The ground on which the injunction was sought, as set out in the petition, was that of fraudulent combination between Hardesty and Buss; that the money paid by Buss to Parsons & Co. for the assignment, was the money of Hardesty, and that Buss held the assignment in trust for Hardesty.

We have read the testimony with care, and it abundantly establishes the fact that the money paid for the assignment was wholly the money of Buss. Indeed there can be no possible doubt on that point.

The counsel for plaintiff, in his argument, does not controvert this, but claims that there are other facts appearing

1. FRAUD: not presumed. in the testimony, tending to show a fraudulent combination between Hardesty and Buss, to defraud plaintiff. We do not agree with counsel in his construction of the facts proved. It is true Hardesty paid taxes and made repairs upon the property after the assignment to Buss. He also occupied it as tenant to Buss. Both of them testify that Hardesty was to be re-imbursed for his expenditures in repairs, by the rent at a specified price per month. As to the taxes, Hardesty may have paid them, either to secure an advantage to himself as against Buss, or as a further manifestation of his friendliness to him, from which he hoped to obtain, not only a refunding of the money, but additional favors in the occupation of the premises. Every act of the

parties may be accounted for upon the basis of the utmost good faith toward all others, as well as toward themselves.

The plaintiff has most signally failed to establish by proof the allegations of his petition. And, if we should disregard the rule requiring allegations as well as proofs, and seek in the proofs alone for a basis upon which to rest a decree for plaintiff, he would not then be in any materially better condition.

Buss has a clear right to the judgment, for a consideration fully paid by him. To overturn this right, the plaintiff must prove something more than that Buss has made or probably will make several hundred dollars by his investment. He must establish either that the assignment was procured for the use and benefit of Hardesty, as upon loan to him by Buss, or fraud. He has done neither, and we agree with the District Court in the judgment for defendants.

Affirmed.