## PRICHARD v. HOPKINS.

1. **Practice:** ERROR: ORDER NOT AFFECTING MERITS. An order of the court increasing the penalty of the bond, in an action of replevin, does not affect the rights of the parties on the trial, and is not reversible error even if erroneous; a compliance with such order is a waiver of the error, if any.

2. **Instruction:** BURDEN OF PROOF: FRAUD. Where a contract was alleged by the defendant to be fraudulent, it was held error to refuse instructions charging the jury that the contract was presumed to be valid, that the burden was upon the defendant to establish the fraud, and that it would not be presumed from acts of the parties which were consistent with honesty.

*Appeal from Plymouth Circuit Court.*

THURSDAY, OCTOBER 23.

REPLEVIN for a large quantity of wheat and oats. The plaintiff claims the absolute ownership of the grain, and alleges that the same was raised and grown by him. The petition shows the alleged cause of detention is that defendant as sheriff levied upon the grain under an execution issued on a judgment against Godfried Houser, and in favor of J. I. Case & Co.

The answer as a defense sets up that defendant, as sheriff of Plymouth county, levied an execution as stated in the petition upon the grain, which it is alleged is subject to seizure upon the execution to satisfy the judgment. The answer admits that the plaintiff raised the grain, but avers that the land was cultivated by plaintiff under a parol contract or lease entered into between plaintiff and Houser for the purpose of defrauding, hindering and delaying the creditors of Houser, and especially the plaintiff in the execution. The answer sets out the circumstances under which the lease was entered into, and other matters. The plaintiff's reply denied the allegations of the answer, inconsistent with averments of the petition.

There was a verdict and judgment for defendant; plaintiff appeals.

*G. W. Argo* and *E. W. Weeks*, for appellant.

*Struble Bros.*, for appellee.

BECK, CH. J.—I. Upon the motion of defendants, based upon a showing as to the value of the property, the plaintiff

1. PRACTICE: error: order not affecting merits.

was required by proper order to give additional security in the action by increasing the penalty of the replevin bond. This order is made the first ground of objection to the judgment. The decision of the court in no manner affected the rights of the parties in the trial of the case. The verdict and judgment could not have been different had the motion been overruled. It cannot be said that there is any error in the judgment by reason of the court's ruling upon the motion. Notwithstanding the error in the ruling, if it be erroneous, the judgment cannot be set aside upon this ground.

It may be also truly said that the defendant, by complying with the order, admitted its correctness, thereby waiving the right to object afterward on the ground of error.

II. It is next insisted that the court erred in rejecting evidence which plaintiff proposed to introduce tending to show the following facts, stated in the language of the argument of plaintiff's counsel. "First, that the defendant never made a proper or legal levy on the property, because he never reduced the same to his possession and never exercised any custody or control over the same. Second, that if the court should hold that the defendant made such a levy as the law contemplates shall be made, by the subsequent acts and conduct of the officer in not placing some person in possession thereof, or exercising some authority or control over the property after the levy, whatever rights he had acquired by virtue of that levy had been lost, by reason of the abandonment thereof; having thus lost whatever control and possession he had obtained, he could not again repossess himself thereof, the property having changed its nature and lost its identity by being harvested, threshed and its value greatly increased by the labor and money expended thereon by the plaintiff."

There is no error in this ruling, for the reason that the facts proposed were not in issue. The levy and possession of defendant is alleged in the petition, averred in defendant's answer and nowhere denied in other pleadings. Indeed, the case of plaintiff is based upon the facts of levy of the execution and possession of the property by defendant thereunder, and it was presented to the jury upon that theory. There was, therefore, no error in excluding the evidence which tended to disprove facts admitted in the pleadings.

III. The issues presented to the jury involved the validity of the lease or contract between Houser and plaintiff under which the grain was raised, defendant claiming that it was fraudulent because it was entered into by the parties for the purpose of defrauding, hindering and delaying Houser's creditors. Evidence was introduced by both parties under this issue. The plaintiff requested the court to give the following instructions, all of which were refused:

2. INSTRUC-
TION: burden
of proof:
fraud.

"1. The burden of proving the truth of the allegations of fraud rests on the defendant. The contract of lease between the plaintiff and Houser is presumed to be a fair and honest contract. Fraud is never to be presumed, but must be clearly proved to the satisfaction of the jury.

"2. The defendant must establish the existence of fraud by a preponderance of the testimony before you can find for the defendant, for unless you are satisfied from the evidence that the defendant has clearly proved the existence of fraud in the lease from Houser to Prichard, then you must find for the plaintiff.

"3. Fraud is never to be presumed. The allegations of fraud in defendant's answer must be by him affirmatively established by the evidence, and will not be presumed by acts of the parties which may be accounted for on the basis of honesty and good faith.

"4. The defendant has alleged fraud in the making of the oral lease between Prichard and Houser, and, if in your opinion he has failed to clearly establish the same, you must find for plaintiff.

"5. A party alleging fraud must prove it by satisfactory evidence. Fraud will never be imputed when the facts upon which the charge is predicated are, or may be, consistent with honesty and purity of intention.

"The fraudulent intent alleged in the answer of defendant must have existed at the time the contract of lease was made; and, unless a fraudulent intent did so exist at the making of said contract, you must find that the contract of lease was made in good faith; you may, however, consider the subsequent conduct of the parties thereto in determining the fact of the existence of such fraudulent intent at the time of the making of said contract."

The correctness of these instructions, except the third, is not disputed by counsel of defendant. The third we think is correct. See *Hamilton v. Bishop*, 22 Iowa, 211. But counsel for defendant insist that the law was given to the jury with sufficient fullness to direct them in the discharge of their duty. We think otherwise. The rules embraced in this instruction are not covered by the instructions given. Of their pertinency and their importance there can be no doubt. They relate to the burden of proof, the preponderance of evidence, presumptions, etc., subjects upon which the jury ought to have been instructed to enable them rightly to discharge their duty. In cases of this kind, we think, juries are always instructed upon these points. We conclude that the court erred in refusing to give the instructions asked by plaintiff.

Other questions discussed by counsel need not be considered, as the judgment, for the error pointed out, must be

REVERSED.