## GILMAN v. DONOVAN.

1. **Judgment:** WHEN VOIDABLE: DEATH OF PARTY. Where a judgment is rendered in favor of a plaintiff in an action, after his death, such judgment is voidable only, and must be considered valid unless set aside in proceedings under chapter 1, title XVIII of the Code, upon an adjudication that there is a valid defense to the action. The court has no authority to treat such judgment as a nullity, allow a substitution of plaintiffs, and enter a second judgment, upon the application of the plaintiff's attorney.

*Appeal from Franklin Circuit Court.*

WEDNESDAY APRIL, 21.

APPLICATION by petition to vacate a judgment, and for a new trial. From the ruling made the defendant appealed.

Gilman v. Donovan.

*King & Henley* and *Porter & Moir*, for appellants.

*Fred Gilman*, for appellee.

SEEVERS, J.—In October, 1875, Julia A. McCord com-
menced, in the Franklin Circuit Court, an action against the
defendant on a promissory note. At the May
term, 1876, the defendant filed an answer setting
up a defense. To this there was a reply. In
January, 1877, Julia A. McCord died, but neither the attor-
ney who appeared for her, nor the defendant, had any knowl-
edge of such fact until after the 29th day of May, 1878.
Previous to the last named day, and at said May term, 1878,
there was a trial of the issue joined in said action, and a
judgment rendered against the defendant in favor of said
Julia A. McCord. Afterward, on the 29th day of May, 1878,
the defendant caused to be filed a bond staying execution on
said judgment.

1. JUDGMENT:
when voida-
ble: death
of party.

On July 26, 1878, the defendant filed in said court a peti-
tion for the vacation of said judgment, for a new trial, and
such other relief as might seem equitable and just. The
ground upon which the relief was asked was the death
of Julia A. McCord, and that the defendant had a meritori-
ous defense to the action, the facts constituting such defense
being fully stated. To this petition Fred Gilman, Esq., as
attorney for Julia A. McCord, appeared and filed a demurrer.
Afterward, upon the suggestion of the court, Mr. Gilman was
appointed administrator of the estate of Julia A. McCord,
and he was substituted as "plaintiff herein."

Upon said pleadings, and without hearing any evidence, the
court rendered the following judgment: "Submitted on de-
murrer, motion of administrator granted, judgment modified
so as to be entered as of this date, and to date back to filing
of stay-bond so as to render sureties liable, and judgment
against both Donovan and sureties on the bond."

The original action was properly commenced and issue joined before the death of Julia A. McCord. The court, therefore, had jurisdiction of the parties and subject-matter. The question for determination is whether the trial of the issue, submission of the cause, and rendition of judgment after the death of Julia A. McCord, was a nullity. In *Flock v. Wyatt*, 49 Iowa, 466, the cause was tried and submitted at a time when the party was alive, but the judgment was rendered after his death. Such judgment, it was said, was irregular and should have been entered as of the date of the submission, or prior to the death of the party, and the cause was remanded for the correction of such irregularity. We do not feel called upon to determine whether the judgment in the case at bar is void, or whether the defendant, at common law, is entitled, as of course, to have it vacated or set aside, because we think there are certain stattutes which must determine the questions involved in this appeal. It may be proper, however, to say that the authorities to which our attention have been directed seem to hold that such a judgment would not be void, and that the defendant, as a matter of course, would not be entitled to have it set aside. *Stodgill v. Fullerton*, 44 Illinois, 108; *Car v. Townsend*, 63 Pa. State, 302; *Yaple v. Titus*, 41 Id., 195; *Coleman v. McAnulty*, 16 Mo., 173; *Camden v. Robertson*, 2 Scam., 508; *Case v. Ribdin*, 1 J. J. Mar., 30; *Powell v. Washington*, 15 Ala., 803; *Spalding v. Wathen*, 7 Bush, 659. The reason of the rule seems to be that the death of the plaintiff, pending the action, can only be pleaded in abatement, and evidence of such fact could not be admitted under the general issue, or other pleading which presented issues as to the merits. The judgment being a verity, it must, at least in another action, be conclusively presumed the plaintiff was living when it was rendered.

The Code, § 3154, provides "that the District Court in which a judgment has been rendered, or by which, or by the judge of which, a final order has been made, shall have

power, after the term at which such judgment or order was made, to vacate or modify such judgment or order.

1. By   *   *   *   *   *   *   *   *   *

2.   *   *   *   *   *   *   *   *   *

3.   *   *   *   *   *   *   *   *   *   *

4.   *   *   *   *   *   *   *   *   *

5.   *   *   *   *   *   *   *   *   *   *

6. "For the death of one of the parties before the judgment in the action."

The "proceedings to obtain the benefit of subdivision * * * six," above set forth, "shall be by petition," and must be "commenced within one year after the judgment or order was made." Code, § 3157. And § 3159 provides that "the judgment shall not be vacated * * until it is adjudged that there is a valid defense to the action in which the judgment is rendered."

It makes no difference for what reason or how such a judgment came to be entered, whether through inadvertence or otherwise. The statute recognizes the fact that such may be the case, and a remedy is provided, but it must be exercised within one year; if not so done there can be but one result, and that is, that it cannot be vacated after the year has expired, and it, therefore, becomes as valid and binding as any other judgment. If application is made within one year to vacate, it cannot be then done unless the court first determines there is a valid defense to the action. As we have said on more than one occasion, the foregoing provision is so plain, the meaning and intent so obvious, that there is no room for construction.

We infer that section 582 of the Kentucky Code, and section 3159 of the Code of this State, are, in substance, the same. If correct in this, *Spalding v. Wathen*, before cited, is an authority in favor of the view adopted by us.

We are not called upon to vindicate the statute, but it may be said there is much force in the thought that if there has

been a fair trial on the merits and judgment rendered in favor of a deceased plaintiff, that it should not be held to be void or set aside unless the defendant has been prejudiced in some substantial manner. Whether the defense must be one that has arisen since the trial we have no occasion to determine, nor are we called upon to determine whether, if the same defense is alleged as was litigated, it would be available or not.

The demurrer was submitted, but neither sustained nor overruled. It must, therefore, be deemed to have been waived, after the submission. The abstract fails to show that the defendant asked the court to determine whether there was a valid defense or not, and whether it did so we have no means of knowing.

The judgment was voidable only. If there was no sufficient reason for setting it aside it was valid, and could be enforced as provided in § 3130 of the Code. The Circuit Court was not warranted in rendering another judgment and making it relate back previous to the date of the stay-bond.

In *Flock v. Wyatt*, before cited, one of the defendants died and the other defendants appealed from the judgment and insisted it was void. The appeal being from the original judgment, it was proper to direct that it should be corrected in the manner indicated. This is an indirect proceeding attacking the judgment, and it is, we think, either void or voidable. If it is neither, then it must be valid.

The judgment of the Circuit Court is reversed, and the plaintiff must pay the costs in this court.

REVERSED.