COLEMAN ET AL. V. CASE.

1. **Judgment**: MOTION TO VACATE: AUTHORITY OF ATTORNEY. Motion to vacate a judgment for defendant on the ground that the action was prosecuted without plaintiff's authority, but *held* that the want of authority was not established by the evidence, and that the motion was properly overruled.

2. ———: MOTION TO VACATE BY ONE NOT A PARTY. One not a party to an action cannot be affected by a judgment rendered therein, and has no ground to ask that the judgment be vacated.

3. **New Trial**: ACTION TO QUIET TITLE: DISCRETION OF COURT. The court has a discretion, under § 3268 of the Code, to grant or refuse a new trial in an action to quiet title; and it cannot be said that such discretion has been abused in denying a new trial where it does not appear that a different result might reasonably be expected should such trial be granted.

*Appeal from Floyd Circuit Court.*

THURSDAY, JUNE 11.

*Boulton & Boulton*, for appellants.

*Ellis & Ellis*, for appellee.

SEEVERS, J.—The original action was commenced in 1880 for the purpose of quieting the title to real estate. Issues were joined, and in September, 1883, judgment was rendered for the defendant. In October, afterwards, plaintiffs filed a petition to vacate the judgment and decree, and for a new trial, upon the grounds that they had no knowledge of the action, and that the attorney who appeared for them had no authority to do so. Some of the plaintiffs are minors, and as to them a new trial was granted, and of this no complaint is made. It is insisted that the adult plaintiffs are entitled to a new trial under sections 3154 and 3268 of the Code. The court refused to vacate, set aside or modify the judgment as to the adults in February, 1884, and this appeal was taken in August thereafter. In September certain orders

were made affecting the interests of the minors, from which no appeal has been taken. The sole question, therefore, to be determined is whether the court erred in refusing to vacate, or in any respect modify, the judgment as to the adult plaintiffs rendered in September, 1883.

I. Was such judgment rendered because of unavoidable casualty or misfortune, which prevented the appellants from prosecuting the same? The action, as has been said, was commenced in 1880, and the judgment was rendered in 1883. During all this time the plaintiffs claim they had no knowledge that it was pending, and the attorney had no authority to bring it. The case was heard in the court below upon the pleadings and affidavits, and no objection was made there or in this court as to the mode of procedure adopted. We have read the affidavits and examined the record, and concur with the circuit court in holding that the judgment should not be set aside or vacated. The preponderance of the evidence is that the appellants appointed an agent to look after their interests, and that he employed an attorney to bring the action, and notified them that he had done so. They had knowledge of the pendency of the action, and made complaints that the attorney did not get the case tried as soon as he should have done. Besides this, we have looked in vain for any evidence tending to show that the appellants have a "valid cause of action," and this must appear before the judgment can be vacated. Code, § 3159.

*1. JUDGMENT: motion to vacate: authority of attorney.*

It is, however, said that one of the appellants was not a party to the action, and that as to her, at least, the judgment should have been set aside. While it does not distinctly so appear, we strongly incline to the belief that she was a party, but under a different name from her present name, and that such change has been caused by reason of her marriage. But, be this as it may, if she was not a party to the action, then the judgment as to her is absolutely void, and she is in no manner prejudiced by the ruling of the circuit court.

*2. ——: motion to vacate by one not a party.*

II. It is said that the action was brought to quiet the title to real estate, and therefore the appellants were entitled to a new trial as a matter of right under section 3268 of the Code. Conceding that the action was of the character contemplated in the section and chapter of which it is a part, it will be found, by examination of the section, that it is provided that the court, in its discretion, may grant a new trial. This, of course, is a legal discretion, which it will be conceded may be reviewed on appeal. But it cannot be said that such discretion has been improperly exercised, unless it fairly appears that a different result may reasonably be expected should a new trial be granted. There is no such showing in the record before us, and therefore the judgment of the circuit court must be

*3. NEW trial: action to quiet title: discretion of court.*

AFFIRMED.