SHAFFER BROTHERS, Appellants, v. L. RHYNDERS, Defendant, THE CITIZENS' STATE BANK OF SPENCER, Iowa, Intervener, Appellee.

**Advancing on Bill of Lading:** ATTACHMENTS: *Priority.* A bank advancing money to a horse dealer for the purchase of horses for a certain firm, and accepting a sight draft on the firm, to which is attached a bill of lading on the same, the horses being shipped in the name of the firm, is entitled to the horses, as against the attaching creditor of the dealer, no fraud on the part of the bank being shown.

NOT AFFECTED BY TAKING GUARANTY. The fact that a bank; which had received a draft, with bill of lading attached as security for a loan for the purchase of the property shipped, had obtained a guaranty from the consignee that the draft would be paid, does not release its lien as holder of the bill of lading; and the bank may enforce the same as against an attaching creditor of the borrower.

FRAUD: *Burden of proof.* The burden of showing that a transaction by which a horse dealer, purchasing horses for a firm, gave to the bank loaning him money to effect the purchase a draft on the firm, accompanied by the bill of lading of the property as security, was in fraud of the dealer's creditors, is on such creditors.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, APRIL 12, 1902.

APPEAL from the judgment of 'the district court establishing the intervener's lien upon a car load of horses as against the claim of the plaintiff under a writ of attachment. —*Affirmed.*

*Springer, Clary & Condon* for appellants.

*Cornwall & Martin* and *A. C. Parker* for appellees.

WEAVER, J.—The plaintiff having attached the horses while in the possession of the carrier under consignment to Crandall & Co., at Buffalo, N. Y., the bank intervened, alleging that at the time of such attachment the title to said property was in the intervener, and that its rights were superior to any claim obtained by plaintiff under his attachment. The intervener's claim is based upon the followng alleged state of facts: Rhynders, desiring to purchase horses for shipment to Crandall & Co., at Buffalo, N. Y., applied to the bank for money to be used in that business. The bank thereupon undertook to furnish the necessary money to effect the purchases, and Rhynders agreed that when the horses were shipped he would make a sight draft upon Crandall & Co. in favor of the bank for the amount of its advances, and as security would assign to it the bill of lading issued by the railway company upon such shipment. This arrangement was carried out, the horses shipped from Spencer, Iowa, billed to Crandall & Co., and the draft made on the latter in favor of the bank, and bill of lading assigned or turned over as agreed upon. When the car arrived in transit at New Hampton, Iowa, the horses were seized under plaintiff's attachment. The draft held by the bank has not been paid, nor has the money advanced by it to Rhynders been returned. The plaintiffs deny the claim of the intervener, and say that the arrangement by which the horses were shipped in the name of Crandall & Co., and the bill of lading assigned to intervener, was a fraudulent scheme, concocted for the purpose of hindering, delaying and defrauding the creditors of Rhynders. Upon this issue a jury was impaneled, and at the close of the testimony the court directed the jury to return a verdict in favor of the intervener, and from the judgment thus rendered the appeal is taken.

We think the judgment of the district court was clearly right. The fact that the money was furnished by the bank, as alleged in its petition, is shown without dispute, as is also the further fact that the bill of lading was duly turned over

to the bank to secure the payment of the draft made on Crandall & Co. The effect of the delivery of the bill of lading and draft was to transfer whatever title and interest Rhynders had in the property to the intervener until the amount of the draft should be paid. *First National Bank of Kansas City v. Mt. Pleasant Milling Co.,* 103 Iowa, 518; *Morse v. Railroad Co.,* 73 Iowa, 233; *Allen v. Williams,* 12 Pick. 297; *Bank v. Jones,* 4 N. Y. 497. Such being the case, the intervener, under familiar principles, could rightfully hold the property against the creditors of Rhynders, unless it be shown that such transfer was made for the fraudulent purpose of hindering or delaying such creditors in the collection of their claims. The intervener was not required to disprove the charge of fraud. The burden was upon plaintiff to show it. A careful reading of the record discloses no single item of evidence tending in that direction, and if a verdict had been rendered in plaintiff's favor it would have been the duty of the trial court to set it aside. Fraud cannot be presumed, nor can it be inferred from circumstances which in the light of the entire case are consistent with the theory of integrity and fair dealing between the parties. It is urged by appellant that there is evidence tending to show that the intervener had obtained from Crandall & Co. some kind of guaranty that the draft would be paid, and therefore did not rely wholly on the arrangement made with Rhynders. Assuming such fact exists, we do not see that it in any manner affects or changes the relation of the parties. It is not claimed that the transfer to the bank was intended as an absolute sale of the property, but as security only; and if the bank, as a matter of greater safety, obtained a guaranty or promise of payment from the consignee, it did not thereby release its lien as the holder of the bill of lading. So, also, if the money was furnished by the bank to Crandall & Co., not to Rhynders. In that case the horses when purchased were the property of Crandall & Co.,

and not liable to attachment for the debt of Rhynders, while the bank, as the holder of the draft and bill of lading securing such advancements, could still insist upon its lien.

The judgment of the district court is AFFIRMED.