W. W. BLASIER, Trustee, Appellant, v. KATE DOYLE et al.,
Appellees.

**FRAUDULENT CONVEYANCES:** Evidence. Evidence reviewed, and held insufficient to establish that a conveyance of a note and mortgage by a husband to his wife was fraudulent.

*Appeal from Black Hawk District Court.*—GEORGE W. WOOD, Judge.

April 1, 1924.

ACTION in equity by the trustee, to set aside a deed and the assignment of a promissory note and mortgage. Plaintiff alleged that Thomas Doyle was the owner of a $5,000 promissory note, secured by mortgage, and the owner of a house and lot in Waterloo, and that the transfer of the note and mortgage and the transfer of the house and lot to defendant Kate Doyle were fraudulent as against the creditors of Thomas Doyle, and that the conveyances and transfers were made to hinder and delay the creditors of Thomas. Defendants denied that the conveyances were fraudulent. Defendants allege that, about February 19, 1920, Thomas Doyle assigned the note and mortgage to the bank, as collateral security; that the bank holds said note and mortgage as collateral for four promissory notes signed by Thomas Doyle and Kate Doyle, in the total sum of $1,800, with interest; that the $1,800 notes have not been paid; that, about September 21, 1920, Thomas Doyle assigned his interest in the note and mortgage to Kate Doyle. The only interest claimed by the bank in the $5,000 note and mortgage is as collateral for the $1,800. It was stipulated that the note and mortgage were in the possession of the defendant bank when this suit was brought, and that the maker of the note and mortgage had paid it in full to the defendant bank, and that the money is now in its possession. It was further stipulated that the value of the Waterloo property was $1,300 when the deed was made to Thomas, and when he deeded it to his wife. The defendant Kate Doyle pleaded that she was at all times the equitable owner of the $5,000 note and mortgage and the house and lot, and that the house and lot were homestead property. The trial court found that plaintiff had not made a case, and dismissed the petition. Plaintiff appeals.—*Affirmed.*

· *C. J. Rudolph* and *R. J. O'Brien,* for appellant.

*McCoy & Beecher* and *John J. Foarde,* for appellees.

PRESTON, J.—We do not understand appellant to seriously contend that the assignment of part of the note and mortgage to the bank was fraudulent. At any rate, we do not consider the

evidence sufficient to justify any extended discussion of that branch of the case. The evidence and argument are leveled against the conveyances to the wife. Thomas Doyle filed his petition in bankruptcy in September, 1921. The assignment of the note and mortgage to the wife was on September 21, 1920, and the conveyance of the real estate to her was on the same date. It is conceded by appellant that a part of the creditors' claims arose after the date just mentioned. Appellees contend that the claims for which Thomas Doyle was primarily liable on September 21, 1920, were but $250, consisting of two items, which arose in April, 1920; that debts upon which he was secondarily liable amounted to something over $5,000, about half of which was for notes signed by Thomas as security for his son, the balance made up, for the most part, of notes to different banks, consisting of six or seven items. From the foregoing it will be seen that practically the entire indebtedness of Thomas Doyle arose after September 21, 1920.

Evidence on behalf of defendant shows that the son commenced farming in 1920, and that in that year he paid $1.35 a bushel for corn; that, in 1921, he sold corn for 14 cents a bushel, and that hogs and cattle were low; that this is the reason the son was not able to pay the notes. Thomas testifies that, when he signed these notes, he did not think he would be called upon to pay them. Appellant argues that the sole question in the case is whether the property of the Doyles shall be used to pay their honest debts. Of course, that involves some other questions.

We start with the following established legal principles. Fraud is not presumed. The burden of proof is upon the plaintiff. The evidentiary facts of the alleged fraud must be clearly established. If the wife is the bona-fide creditor of the husband, he may transfer property to her in satisfaction of the debt. As to subsequent creditors, there must be shown an intent to hinder, delay, or defraud creditors, participated in by both grantor and grantee, a valuable consideration being shown. *Harvey v. Phillips*, 193 Iowa 231, and numerous cases there cited.

Following our custom in fact cases, we shall not attempt to recite all the evidence. Some of appellant's claims for the evidence and circumstances relied upon to establish his contentions will be referred to. The assignments of the $5,000 note and

mortgage were not recorded prior to the bankruptcy of Thomas. Mrs. Doyle placed her assignment of record some three or four months after the bankruptcy. It is contended by appellees that this is not required by law. Appellant contends that it is, but concedes that there is no statute which in express terms requires such recording, but says that, in any event, the fact that they were not recorded is a circumstance against appellees. Mrs. Doyle testified before the referee that, when the farm was finally sold, she did not ask her husband for the money,—didn't need it; and that nothing was said about money until she saw that her husband was spending money, which was the first time she spoke of it, because she wanted the money saved for the children and for him in his old age; that, after the sale of the farm, she did not ask him for the money from the personal property. It is further claimed that Mrs. Doyle must be charged with notice that her husband was "broke;" that he had debts at the time of the sale of the farm, and was accumulating more, and that his creditors were doubtless looking to the $5,000 note and mortgage as security for their claims; that Thomas was involved at the time of the assignment to his wife; that, shortly before Thomas went into bankruptcy, Thomas represented that he owned the note and mortgage in question, and other property. It is also claimed that Thomas was the head of the family, and transacted the business; that a part of the claims filed by the bankrupt is for money received by the Doyles before the alleged assignment of the note and mortgage, and that the claims were incurred while the family relation existed, and that the support of the Doyles during said period was doubtless secured from the money realized, as represented by said claims; that creditors examined the records and found that the mortgage stood in the name of Thomas; that the title to the property in Waterloo was taken in the name of Thomas when purchased; that the note and mortgage in question were a part of the proceeds of the sale of the farm, and recorded in the name of Thomas.

There may be some other circumstances, but this is the substance of appellant's contentions. Both Thomas Doyle and his wife were called as witnesses for the plaintiff.

Appellees' claim for the evidence—and there was evidence to sustain their claim—is substantially, and stated as briefly as

may be, that Thomas and his wife were married about 30 years ago, at which time he had about $100 and she had $300; that for a time they lived in Waterloo, and both worked out; that, two or three years after their marriage, they leased a farm, and began farming; that, in February, 1907, they purchased 120 acres of land, and that the names of both appeared as grantees in the deed; that, on February 19, 1912, they sold this farm, and the same month purchased a farm of 180 acres; that, in the deed to the last mentioned farm, the name of Thomas Doyle alone appeared as grantee; that her name should have appeared also. When she learned that the deed ran to Thomas alone, she made him deed to her an undivided half interest in the 180 acres. This was in March, 1912. While they were on the farm, she did the house work and helped plant corn, shelled it by hand, helped to make hay, and did the chores when her husband was away. In February, 1919, defendant and her husband sold the 180-acre farm to Ricke for $22,500, subject to a mortgage of $11,000 plus. She owned an undivided half interest in this farm, and was to have one half of the proceeds of the sale. $6,500 was paid in cash. This was received by Thomas, who did not give any of it to his wife. Ricke gave the $5,000 note and mortgage now in question, as a part of the purchase price of this farm. The note and mortgage ran to Thomas Doyle alone. His wife did not know this, but thought it was payable to her; and as soon as she learned the fact, she made her husband assign them to her. The Waterloo property was purchased June 6, 1919. The deed ran to Thomas, but it should have run to his wife: it was paid for with her money. She thought the deed ran to her, and when she learned the truth, she made him deed it to her. From the time of its purchase until the trial of this case, it was occupied as a homestead. When Thomas assigned the note and mortgage and executed the deed, he owned a horse, and had some wages coming to him. The record does not show the value of the horse or the amount of the wages.

Mrs. Doyle testified that, when her husband made the deed and assigned the mortgage, she did not know whether he had any debts or not, and did not know whether he represented to anybody, when he was borrowing money, that he owned the Waterloo property or the $5,000 mortgage,—was never present

when he made these loans that have been spoken of in the testimony.

It is contended by appellees that the only evidence for plaintiff to show the indebtedness of Thomas consisted of the claims filed with the referee in bankruptcy; that none of the notes were filed with the claims,—copies only were filed. The introduction of this testimony was objected to on the trial on the ground that the copies were not the best evidence, hearsay, and so on.

As said in regard to plaintiff's evidence, there may be other circumstances, but this is the substance of appellee's claims. The deed and assignments were made practically a year before the bankruptcy of Thomas. Meantime, as is well known, and as the evidence shows, those engaged in agricultural business in this state were having serious difficulty. This may account, in part at least, for the straightened circumstances of Thomas Doyle.

Some of the earlier conveyances from Thomas to his wife were made years before this transaction,—one in 1912,—and there is no claim that Thomas was then having financial difficulties, nor does it appear that there was any other reason for such conveyances than that stated.

We shall not go further into details. We are satisfied from the record that plaintiff has not made a case requiring a setting aside of the deed and the assignments. The judgment is— *Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.