BOARD OF SUPERVISORS OF POTTAWATTAMIE COUNTY et al., Appellants, v. W. A. STONE, COUNTY TREASURER, et al., Appellees.

No. 40608.

JUNE 20, 1931.

John P. Organ, for appellants.

Geo. H. Mayne, for appellees.

WAGNER, J.—The defendant-Mayne is the owner of the Southwest Quarter of the Northeast Quarter, and the Southeast Quarter of the Northwest Quarter, and Lot Three, or the Southwest Quarter of the Northwest Quarter; all in Section Three, Township Seventy-five, Range Forty-four, Pottawattamie County. Certain other lands known in the record by government sub-divisions lie to the south of that hereinbefore described. The testimony tends to show that this latter land consists of accretions by reason of a change in the course of the Missouri River. There were special assessments levied against various portions of said lands because of the establishment of certain drainage and levee improvement districts, the assessments being for one or the other of said districts. It is the contention of the appellees, and the evidence tends to establish that the assessments upon the accreted land are void because said accreted land is without the boundaries of the improvement district. See Mayne v. Board of Supervisors of Pottawattamie County, 208 Iowa 987, at 994. This fact becomes material, if at all, only because of appellants' claim that the price paid by the purchaser at the tax sale was inadequate. The appellees also contend that the description of the accreted land by government sub-divisions is a nullity. Their contention in this respect is supported by our holding in Bone v. May, 208 Iowa 1094, at 1099. All of the aforesaid lands were sold in separate tracts to the appellee, Arnd, at a "scavenger" tax sale in January, 1927, which was an adjournment of the annual tax sale of December, 1926. The sale of each tract was for a certain amount of money bid and paid by Arnd, and the tax sale certificates include delinquent assessments falling due for the years 1924, 1925, 1926 and previous years.

The appellants allege and the appellees deny that the pur-

chase price of the tracts of land at said tax sale for a fraction of the tax due thereon was pursuant to a private agreement, between the owner of the land and the purchaser, that the latter should buy the land at tax sale and hold the certificates of such purchase for the benefit of the owner, and that said sale constitutes a fraud upon the improvement districts. As to this issue, the burden of proof is upon the appellants. Fraud is never presumed but must be proven by evidence, either direct or circumstantial. There is no evidence of any such agreement as between the owner and the purchaser. To set out the evidence in detail would be of no benefit to the profession. It is sufficient to say that we have read and reread the record with care, and as to this contention the plaintiffs have failed in their proof.

▪ The appellants urge that the amount of the purchaser's bid was not paid by the purchaser to the County Treasurer ''forthwith'' as required by the statutory law. As against this contention of the appellants', it is shown that the purchaser appeared at the treasurer's office at the time of the ''scavenger'' sale and made his bid, and upon the making out of the certificates of sale by the treasurer, the amount of the bid was paid. We think that this was sufficient to comply with the statutory law. See Section 7257, Code, 1927.

▪ The appellants contend that the sale by the treasurer to the purchaser for the alleged inadequate consideration should be held void as against public policy. In view of the fact that the assessments upon the accreted land appear to be void, the inadequacy is not as great as the appellants urge. The sale was to Arnd, the only and therefore highest bidder, and it became the duty of the treasurer, under the provisions of Section 7255, Code, 1927, to sell at said ''scavenger'' sale the real estate to the highest bidder. Said section provides:

''Each treasurer *shall*, on the day of the regular tax sale each year or any adjournment thereof, *offer and sell* at public sale, to the highest bidder, all real estate which remains liable to sale for delinquent taxes,'' etc. (Writer's italics.)

It cannot be claimed that the action of the treasurer was void as against public policy when it is shown that he acted in strict accord with the requirements of said section. Moreover,

the appellants had the right, under Section 7589, Code, 1927, to become a bidder at said tax sale. Said section provides:

"When land in a levee, drainage, or improvement district is being sold at a tax sale for delinquent taxes or assessment, the board of supervisors or the district trustees, as the case may be, shall have authority to bid in such land or any part of it, paying the amount of the bid from the funds of the district, and taking the certificate of sale in their names as trustees for such district, and may thereafter pay any assessments for taxes or benefits levied against said premises from the district funds. The amount paid for redemption which shall include such additional payment, shall be credited to the district."

It thus appears that appellants could have protected themselves as against the matters now complained of by invoking their rights under said section. The contention of the appellants relative to the alleged fraudulent agreement, and that the action of the county treasurer in performing his statutory duty should be held void as against public policy, must fail.

The appellants also contend that the notice of the sale was insufficient. There is no merit in this contention. The sale, which was had in January, 1927, is controlled by the following statutes:

Section 7244, Code, 1927:

"Annually, on the first Monday in December, the treasurer shall offer at his office at public sale all lands, town lots, or other real property on which taxes of any description for the preceding year or years are delinquent, which sale shall be made for the total amount of taxes, interest, and costs due and unpaid thereon."

Section 7246, Code, 1927:

"Notice of the time and place of such sale shall be given by the treasurer, and shall contain a description of each separate tract to be sold as taken from the tax list, the amount of taxes for which it is liable delinquent for each year, and the amount of penalty, interest, and costs thereon, the name of the owner, if known, or the person, if any, to whom it is taxed, by publication in some newspaper in the county, once each week, for three consecutive weeks, the last of which shall be at least one

week before the day of sale, and by immediately posting a copy of the first publication thereof at the door of the courthouse, if there be one, if not, at the door of the place where the last term of district court was held.''

Section 7255, Code, 1927:

''Each treasurer shall, on the day of the regular tax sale each year or any adjournment thereof, offer and sell at public sale, to the highest bidder, all real estate which remains liable to sale for delinquent taxes, and shall have previously been advertised and offered for two years or more and remain unsold for want of bidders, general notice of such sale being given at the same time and in the same manner as that given of the regular sale.''

The notice given by the treasurer for the assessments falling due in 1924, 1925 and 1926, for which sale was made, complies in every detail with the requirements of Section 7246, Code, 1927, hereinbefore quoted. Relative to prior delinquencies as to the real estate in question, the notice given for the sale in 1926 states:

'' * * * and notice is hereby given that I will offer and sell at public auction to the highest bidder at said time and place all real estate which remains liable to sale for delinquent taxes and shall have been previously advertised and offered for two years or more and remain unsold for want of bidders.''

This complies with the requirement of Section 7255, Code, 1927, to wit: ''*general notice* of such sale being given at the same time and in the same manner as that given of the regular sale.'' In other words, general notice of the contemplated sale for prior delinquencies was given by publication in a newspaper, etc., in the same manner as required by Section 7246, Code, 1927. Under the statutory law, it was the treasurer's duty to sell at said ''scavenger'' sale, to the highest bidder for all prior delinquencies.

The appellants argue that as to the old taxes, those delinquent prior to 1924, ''there is nothing in the record to show that the land had been offered for sale for such taxes'' at previous sales. Even if this were a requisite, the burden of proof as to the same would be upon the plaintiffs, who allege the in-

665

sufficiency of the notice and ask relief by reason of said fact. There exists the presumption that a public officer has performed his duty in accordance with the law. The appellants have not proven otherwise.

We deem it not amiss to say that Chapter 212, Acts 43 G. A., provides procedure for redemption by the board of supervisors from tax sales for delinquent assessments for levy and drainage purposes upon land in a drainage or levee district or sub-district, but as no proposition as to redemption is before us, we make no pronouncement as to the rights of the interested parties by reason of said enactment.

The trial court found against the appellants in their various contentions. The judgment of the trial court is amply sustained by the record and the same is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.