IN RE ESTATE OF ELLEN KINNAN.

No. 42496.

JUNE 23, 1934.

McGrath, Archerd & McGrath, for appellant Daisy Braumann.

Hobbet & Blue, for appellant J. H. Howell, Admr.

J. C. Robinson, for appellees Sam Kinnan and others.

KINTZINGER, J.—J. H. Howell was the duly appointed and qualified administrator with the will annexed of the estate of Ellen Kinnan, deceased. In January, 1932, Daisy Braumann, a daughter

of deceased, filed a written verified claim against the estate for personal services rendered the deceased. In April, 1932, she filed an amendment to her claim alleging the value of her services to be $3,544. On April 13, 1932, the administrator filed an answer denying all allegations contained in the claim and asked that the court require strict proof thereof. On April 13, 1932, said claim came up for hearing before the court, the administrator appearing by counsel. Both sides waived a jury, and a hearing on the claim was had to the court. The court, after hearing the evidence and proof, established and allowed the claim in the sum of $3,544 with interest from June 10, 1931, as a claim of the third class, and ordered payment thereof. No appeal was taken from this order of court.

On September 15, 1933, nearly a year and a half after the allowance of the claim, Sam Kinnan, the surviving husband of the deceased, filed an application in the probate court to set aside the allowance of said claim. In his application he alleges that he had no knowledge of the filing of said claim, that he had no knowledge of the hearing thereon, and had no opportunity to contest the same. He further alleges that the matters pleaded in the claim were not true; that there was collusion between the administrator and the claimant in the presentation of said claim; that it was not properly contested; and that, if the proper defense had been made, it would not have been allowed. The application to set aside the allowance of the claim was resisted by both Daisy Braumann, the claimant, and J. H. Howell, the administrator, both of whom denied allegations contained in the application. The administrator resists because he has already paid the claim pursuant to the order of court.

No showing by affidavit or otherwise was made in support of the application. The application was sustained by the court on November 10, 1933, without any hearing or additional showing, and without any evidence to support the allegations contained in the application.

The administrator and Daisy Braumann, in whose favor the claim had been allowed, contend that the court erred in sustaining the application to set aside the allowance of Daisy Braumann's claim. The sole question presented is whether or not the allowance of a claim by the court, entered after hearing thereon, can be set aside long afterwards, without any showing to support the allegations of the application, where no appeal has been taken from the order of court allowing the claim. It is the settled rule of law in

this state that an allowance of claim by the administrator *without an order of court* thereon is subject to review, on objections being made thereto when the final report is presented. It is likewise the well-settled rule that if there has been a final hearing on a claim before the court, where the administrator appears by counsel and where the court has jurisdiction of the subject-matter and the parties, the allowance of the claim by the court has the same force and effect as a final adjudication thereof, and, if not appealed from cannot be set aside except upon a showing of fraud or collusion.

It is claimed that, because the applicant is vitally interested in this estate, and because he had no notice of the hearing on the claim, he is entitled to have the allowance thereof set aside. The record shows that the administrator was present at the hearing on the claim and was represented by counsel. In its order allowing the claim the court said: "The said administrator having filed his answer to the claim, * * * and the court finding that it has jurisdiction of the subject matter thereof and the parties thereto, the said parties having by agreement waived trial to a jury and consent to try the same to the court, the said matter then proceeded to final determination."

It is the general rule of law in this state that the allowance of a claim by the court cannot be assailed by an heir who was not the administrator, on the ground that the heir was not notified of the hearing, unless it is alleged and proved that the claim was allowed through fraud or collusion. An order of court allowing a claim and fixing its character is a final adjudication thereof, and is conclusive and binding unless corrected on appeal, in the absence of fraud or collusion between the claimant and executor. McLeary v. Doran, 79 Iowa 210, 44 N. W. 360; In re Estate of Scholes, 170 Iowa 93, 152 N. W. 3; Ryan v. Hutchinson, 161 Iowa 575, 143 N. W. 433; In re Sarvey's Estate, 206 Iowa 527, 219 N. W. 318; Hart v. Jewett, 11 Iowa 276.

In McLeary v. Doran, supra, loc. cit. 214, we said:

"No authority is found therein for a proceeding to vacate an order of the court allowing a claim upon a hearing, unless it be made to appear that there was fraud or collusion between the administrator and the claimant. * * * They demand that an order made by the court upon a final hearing shall be vacated and set aside. The law provides that claims against an estate shall be en-

titled in the name of the claimant and against the executor, that a trial by jury may be allowed, and that all proceedings of law applicable to an ordinary proceeding shall apply. Code sections 2409, 2411. No other person is required to be made a party to the proceeding. Now, what is sought by the plaintiffs is not an order requiring the administrator to strike the allowance of Day from the settlement, and account to the estate the same as though no order had been made; but they propose to readjudicate the claim as to the defendant Day. It is apparent that, if this may be done, the hearing provided by statute is a mere preliminary examination, subject to be impeached and tried over again at the instance of the heirs, and the settlement of estates would thus be attended with serious embarrassments. The administrator and the claimant are the proper parties to the proceeding, and if the administrator is guilty of maladministration in allowing a claim, or colluding with a claimant, the heirs have recourse against him and his sureties. * * * If the decision of the court in allowing the claim was erroneous, the error could have been corrected on appeal; and we know of no other way to attack it, unless it be by a proceeding based upon fraud."

The lower court entered an order sustaining the application to set aside the allowance of the claim referred to without a hearing thereon and without receiving any evidence in support thereof. Although the application contains the allegation that there was collusion between the administrator and the claimant, no evidence in support thereof was introduced or received. The allegations of the application were denied in the answers of the administrator and also by the claimant. The burden was upon the applicant to establish the allegations of his petition. Elliott v. Woodbury County, 162 Iowa 473, 143 N. W. 826; Doxsee v. Waddick, 122 Iowa 599, 98 N. W. 483; Turner v. Younker, 76 Iowa 258, 41 N. W. 10; Hamilton v. Bishop, 22 Iowa 211; Prichard v. Hopkins, 52 Iowa 120, 2 N. W. 1028; Shaffer v. Rhynders, 116 Iowa 472, 89 N. W. 1099; Board of Sup'rs of Pottawattamie County v. Stone, 212 Iowa 660, 237 N. W. 478; King v. Good, 205 Iowa 1203, 219 N. W. 517; Blasier v. Doyle, 197 Iowa 652, 198 N. W. 12.

The claim of Daisy Braumann had been on file for over two months before it was called up for hearing. No appeal from the order of allowance was taken by the administrator and no action

was taken to set aside the allowance of the claim for seventeen months thereafter. The authorities hereinabove cited support the rule that, where there has been a final hearing before the court on a claim, and where the claim is allowed at such hearing, the allowance thereof constitutes a final adjudication thereof, and is conclusive and binding, in the absence of fraud or collusion between the claimant and the administrator.

In order to establish a claim or defense based upon fraud or collusion, it is necessary to both allege and prove the allegations. It is the settled rule of law in this state that fraud can only be established by clear, convincing, and satisfactory evidence, and will not be presumed, but must be proved. The burden of proving fraud rests upon the party who asserts it. Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 182 N. W. 890; Henderson v. Ball, 193 Iowa 812, 186 N. W. 668; Stephenson & Peterson v. Svenson, 187 Iowa 802, 174 N. W. 570.

In this proceeding there was no evidence whatever tending to establish the existence of any fraud or collusion as alleged. In fact the lower court in its finding said:

"I don't want to be understood as suggesting that there is any fraud or collusion, either actual or constructive, between the attorneys connected with the original hearing. * * * It is not a question of actual collusion or of fraud, either actual or constructive, but rather the question is, does the applicant * * * in good faith feel, and has he a right to feel, that somehow or other he has been deprived of the right of defense in this court, and that an injustice has been done him when he was absent and didn't know anything was going on."

There was no evidence introduced in this record tending in any manner to establish the allegations alleged in the application. In the absence of any showing in the record tending to establish such allegations, it was error on the part of the lower court to set aside the allowance of said claim.

II. Section 12787 of the Code provides that, "where a final judgment or order has been rendered, * * * the district court * * * may, after the term at which the same was rendered * * * vacate or modify the same or grant a new trial" for the reasons enumerated. One of the reasons enumerated is for fraud practiced in obtaining the same.

Section 12792 provides that the application to set aside the judgment shall be "by verified petition setting forth * * * (1) the alleged facts or errors constituting a cause to vacate or modify it, and (2) the matters constituting a defense to the action (the claim), if the party applying was a defendant."

Sam Kinnan was not a party defendant in the original proceedings, but, conceding that he is an heir, and as such was entitled to appear and defend, under the authority of Burns v. Keas, 20 Iowa 16, it was still necessary for him, in his application to set aside the judgment, to allege the facts required to be set out under section 12792, to wit: (1) The facts or errors constituting grounds to vacate or modify the judgment; and (2) the matters constituting a defense to the claim allowed.

The statute also provides that such an action to vacate a judgment must be brought within a year. Code section 12793. Conceding, however, for the purpose of this case, that such action may be brought thereafter, on the grounds of fraud, it is still necessary to allege both of the foregoing facts in his application.

In order to justify the court in setting aside a former judgment, it is necessary for the applicant to both plead and prove (1) his grounds for setting aside the claim; and (2) the existence of a defense to the claim sued on. Dolph v. Wortman, 191 Iowa 1364, 183 N. W. 814; Coleman v. Case, 66 Iowa 534, 24 N. W. 31.

Assuming, but not conceding, that the grounds for a new trial alleged in the application were sufficient, and also assuming, but not conceding, that the application contain sufficient allegations of a defense to the claim, it was still necessary *to offer proof of some kind to establish both of these propositions.*

As shown by the preceding division hereof, there was absolutely no evidence of fraud in the record. The record also shows that there was no evidence whatever tending to show the existence of any defense to the claim allowed by the lower court. Unless sufficient evidence upon these matters is offered to make out a prima facie case thereon, the application must be denied. It is the uniform holding of this court that, where there is no showing of a defense to the action in which the judgment was obtained, it should not be set aside. Dolph v. Wortman, 191 Iowa 1364, 183 N. W. 814; Russell v. Pottawattamie County, 29 Iowa 256; Gilman v. Donovan, 53 Iowa 362, 5 N. W. 560; Culbertson v. Salinger & Brigham, 122 Iowa 12, 97 N. W. 99; Tschohl v. Machinery Mut. Ins. Ass'n, 126

578

Iowa 211, 101 N. W. 740; Jenkins Lumber Co. v. Cramer Bros., 182 Iowa 161, 160 N. W. 42.

We have consistently held that to justify the setting aside of a judgment there must be something more than the mere allegation of the defense. Dryden v. Wyllis, 51 Iowa 534, 1 N. W. 703; Johnson, Lane & Co. v. Nash-Wright Co., 121 Iowa 173, 96 N. W. 760; Andres & Co. v. Schlueter, 140 Iowa 389, 118 N. W. 429.

For the reasons hereinabove indicated, the judgment of the lower court must be and is hereby reversed.

CLAUSSEN, C. J., and ANDERSON, ALBERT, DONEGAN, and MITCHELL, JJ., concur.