HINTRAGER V. SUMBARGO ET AL.

1. **Practice in the Supreme Court**: CHARACTER OF ACTION. An action which has been treated as in equity in the court below, without objection, will be so considered by the Supreme Court on appeal.

2. **Injunction**: PRACTICE: NEW TRIAL. An action in equity cannot be maintained to enjoin the enforcement of a judgment at law, within a year after its rendition, upon grounds which authorize the granting of a new trial under the statute.

*Appeal from Delaware Circuit Court.*

THURSDAY, OCTOBER 21.

THE defendant John Harper brought an action at law against the plaintiff, which was tried before a jury in February, 1877. There was a verdict for Harper, and a motion of the defendant therein for a new trial was overruled in October, 1878, and judgment rendered on the verdict.

The plaintiff herein brought an action at law against defendants, which also was tried before a jury, who rendered a verdict in favor of the defendants. A motion for a new trial, filed by the plaintiff, was also overruled in October, 1878.

This action was commenced in March, 1879, the object being to obtain a new trial in the actions aforesaid. There was a demurrer to the petition, which having been sustained, the plaintiff appeals.

*S. M. Pollock*, for appellant.

*Fouke & Lyon*, for appellee.

SEEVERS, J.—I. The only ground of demurrer interposed to the petition was, "That the facts * * * do not 1. PRACTICE in the supreme court: character of action. entitle the plaintiff to the relief demanded." It is insisted by counsel for the appellant that this is an action at law, under §§ 3154 and 3155 of the Code, for a new trial and this being so the demurrer is

too general, should have been disregarded, and was, therefore, erroneously sustained. If this is an action at law the point made is well taken. Code, § 2649.

The action is not named in the petition. The prayer for relief is that " the defendants may answer the premises, and that they may be severally enjoined and restrained from asserting any right or rights," under the judgments aforesaid, " that a rehearing and new trial of said causes may be  *  * granted upon all the issues therein, that upon the hearing of the same this plaintiff may have judgment against the defendants  *  *  * ; that plaintiff may have judgment against the said defendants for costs, and that he may have such other relief as to this court may seem just and equitable."

An injunction was granted as prayed, and on the 18th day of October, 1879, the demurrer was filed, and on the 21st day of said month the cause, by agreement of the parties, was transferred to the equity docket, and, thereupon, the cause came on to be heard on the demurrer. We incline to think the relief asked fairly indicates the petition was intended by the pleader to state and set forth an equitable cause of action. If a new trial is asked by petition at law, under the statute, it should be in the cause that was tried, and if there were two such causes a petition should be filed in each. But be this as it may, the parties treated this as an equitable proceeding. It was so treated by the court below. It was tried or heard as being in equity. No objection was made below that the demurrer was not sufficiently specific because the action was at law. If such objection had been made, the demurrer, by leave of the court, might have been made more specific. The plaintiff should not now for the first time be permitted to say the action is at law, and that the demurrer should be disregarded.

II.   This being an action in equity, or at least it must be so regarded, it follows the demurrer was correctly sustained

2. PRACTICE: because the plaintiff had a full, plain, speedy, and injunction: new trial.   adequate remedy at law under § § 3154 and 3155 of the Code.

It was properly sustained for another reason. Section 2522 of the Code provides that "judgments obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered."

It is not alleged in the petition that a new cause of action or defense has arisen since the judgments were rendered. It, however, is averred that by reason of the fraud of the defendants the plaintiff was defeated in one, and judgment rendered against him in the other action, and that important evidence has been discovered since the former trials. For both of these a new trial under the statute may be granted, and neither amounts to a new cause of action or defense.

We deem it proper to say we incline to think if the action had been for a new trial, under the statute, the demurrer should have been sustained, if it had been sufficiently specific.

AFFIRMED.