JOHNSON, LANE & COMPANY, v. NASH-WRIGHT COMPANY, Appellant.

121    173
137     52

121    173
f140   398
d141   312
142    394

Practice: DEFAULT JUDGMENT: PROCEEDING TO SET ASIDE. A proceeding to set aside a default judgment in a law action after the term at which it was rendered on any ground embodied in Code, section 4091, should be by petition entitled in the original action and not by a suit in equity, but if no objection to the forum is made the case will be determined on appeal as tried in the court below.

Setting Aside Default: FRAUD: BURDEN OF PROOF: EVIDENCE. In an action to set aside a default judgment on the ground of fraud, under Code, section 4091, the burden of proving fraud

and that defendant hrs a good defense to the action is on him and the proof of fraud must be clear and satisfactory. Evidence considered and held not to show fraud in obtaining the judgment.

**Setting Aside Default:** DEFENSES. In a proceeding to set aside a
3  defualt, general denial of plaintiff's original cause of action does not constitute an allegation of the matters of defense, nor does a counterclaim constitute such a defense where it does not appear that the items thereof are proper subjects of counterclaim.

**Same:** EVIDENCE. On an application to set aside a default judg-
4  ment there must be a showing of facts sufficient to make a *prima facie* defense to the action in which the judgment was rendered, the sufficiency and truth of which are to be determined by the court. Evidence considered and held that the showing of facts constituted no defense and therefore the application should have been dismissed.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

SATURDAY, OCTOBER 10, 1903.

THE Nash-Wright Company brought an action in the district court of Mahaska county against Johnson, Lane & Co., to recover $200, balance due on account, which account, as it appears, showed debits of about $7,000 for money advanced, interest thereon, and commissions, and credits of about $6,800, for grain received to be sold on commission. On default entered for failure of the defendant in that action to answer plaintiff's amended and substituted petition, judgment was rendered for the plaintiff for the amount claimed. At a subsequent term, within one year, Johnson, Lane & Co. filed in the same court a petition in equity, asking that the default and judgment against them be set aside, and that they be given permission to file their answer in the original cause, and make their defense thereto, the ground for relief alleged being that at the time of the rendition of such judgment, and

prior thereto, the attorneys for Johnson, Lane & Co. had an oral agreement with the attorney for the Nash-Wright Company that no default or judgment should be taken in said cause for failure to answer until they had been notified by the attorney of the opposite party of his intention to take such default. To this petition in equity the Nash-Wright Company answered, denying substantially the allegations thereof. Subsequently Jonhson, Lane & Co. filed in the same court a pleading entitled as in the original action, in which they denied each and every allegation of plaintiff's petition in that action, in which judgment on default had already been rendered; and also set up a counterclaim against the Nash-Wright Company for $3,894.65, balance due on grain delivered for sale on commission. The trial court thereupon proceeded to try the issues presented by the petition in equity and the answer thereto, and, after hearing evidence, rendered a decree setting aside the judgment and ordering the original cause to be retried. From this decree the Nash-Wright Company appeals.—*Reversed.*

*Frank T. Nash* and *B. W. Preston* for appellant.

*Seevers & Malcolm* for appellees.

McCLAIN, J.—By Code, section 4091, it is provided that: "Where a final judgment has been rendered, * * * the district court, in addition to causes for a new trial herein before authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial: * * * (3) For fraud practiced in obtaining the same; * * * (5) For unavoidable casualty or misfortune, preventing the parties from prosecuting or defending." As there is no provision for entertaining a motion for a new trial, not filed "within three days after the verdict * * * or decision is rendered, unless for good cause the court extends the time,

except for the cause of newly discovered evidence" (section 3756), nor for moving to set aside a default "unless application therefor is made at the term at which default was entered, or, if entered in vacation, then on the first day of the succeeding term," it is clear that the relief provided for by section 4091, above quoted, can be secured after the term only in accordance with the method pointed out in that section, and those following relating to the same subject. This method is, so far as applicable to the grounds of relief above quoted, by filing a petition in the district court, "setting forth the judgment or order, the alleged facts or errors constituting a cause to vacate or modify it, and the matters constituting a defense to the action, if the party applying was a defendant" (section 4094); and "in such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and return, and the pleadings, issues and form and manner of trial shall be governed by the same rules and conducted in the same manner, as nearly as may be, and with the same right of appeal, as in ordinary actions. No new cause of action or defense shall be introduced, and the matter stated in the petition shall be taken as denied without answer, and the issue shall be tried by the court." Section 4095. It is further provided that "the judgment shall not be vacated on * * * petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered." Section 4096.

The proceeding provided for is evidently a proceeding in the original action, although, if instituted after the term, it is to be by petition, and not by motion. While the

1. DEFAULT
judgment:
proceeding
to set aside.

jurisdiction of a court of equity to entertain a petition to set aside a judgment at law for fraud, or on account of other ground of equitable relief, is not expressly denied, it is evident that, so far as the remedy which might formerly have been

sought only in equity may now be had in the case itself by petition, there is no occasion to resort to the equitable jurisdiction of the court, for equitable relief should not be given where the plaintiff has a plain, adequate, and speedy remedy at law. Within one year, therefore, after the rendition of judgment in an action at law, a party to that action seeking relief as against said judgment on any ground covered by the provisions of section 4091 ought to proceed under the provisions of that section and the other sections of the Code relating to that subject, and ought not to bring his action in equity. *Hintrager v. Sumbargo*, 54 Iowa, 604. It may be that, if there are any equitable grounds of relief against a judgment at law, not covered by Code, section 4091, the party seeking to set aside a judgment at law may, with reference to such grounds, still proceed, as formerly, in equity; and we have held that, after the expiration of one year, which is the limit of time within which the special action provided for by that section may be maintained (section 4094), the right to proceed by petition in equity, at least with reference to the grounds of relief recognized by section 4091, still exists. *District Township v. White*, 42 Iowa, 608; *Bond v. Epley*, 48 Iowa, 600. Plaintiffs in this case should, therefore, have filed a petition in the original case in which they were defendants, and should not have attempted to invoke equitable jurisdiction. However, as no objection to the forum was made, the case must now be tried on appeal as an equitable action.

But whether the proceeding be at law or in equity, the petitioner must show by his allegations and his evidence that he has some ground entitling him to relief. 2. SETTING aside default: fraud: burden of proof; evidence. He has the burden as to allegation and proof. It is difficult to say under which one of the two statutory grounds already quoted plaintiffs seek to make out a case. They have alleged no casu-

alty, unless it be the casualty of not having made their defense when they were called upon to do so by the ordinary rules of procedure, nor any misfortune save that of a judgment against them. We suppose, however, that their real contention is that the act of counsel for the plaintiff in the original action in taking judgment without notice of his intention to do so, in violation of his agreement to give counsel on the other side notice of such intention, constituted fraud, and we shall treat the case as though fraud had been formally alleged as constituting the basis for the relief asked. But fraud, if alleged, must be proven, and it is necessary, therefore, to see what evidence there was tending to show fraud. Objection was made on the trial to any evidence of the alleged agreement between counsel for the respective parties, on the ground that it was not in writing, as required in Code, section 319. But, without discussing the applicability of that section, it is sufficient to say that Attorney Nash, who represented the Nash-Wright Company in the original action and also in the present proceeding, seems to admit in his testimony that he made the arrangement with opposing counsel as alleged, and the agreement was therefore sufficiently proved, under the requirements of the section just cited. But Nash further testifies that he did give notice to opposing counsel, in accordance with the agreement, and he claims, therefore, that any subsequent failure of opposing counsel to interpose a defense was without fault on his part. It is with reference to the giving of the notice contemplated by the agreement that the testimony is in conflict, and it is therefore necessary that we state the facts in some detail.

The agreement seems to have been that Nash should have leave to file an amended and substituted petition, and that he should not proceed to take default thereunder until he had advised opposing counsel of his having done so, and of his intention to proceed to default if no answer

were filed. This is certainly the most liberal view which can be taken of the terms of the agreement. He filed his amended and substituted petition on the 14th of March, 1900, which was during the February term of court. On May 17th, which was during the April term of court, he procured an order to be entered for answer to his amended and substituted petition by May 25th, and he took default for want of such answer on May 31st. His testimony is that on the same day or the day after it was filed he notified opposing counsel of the filing of his amended and substituted petition, and of his desire that they should proceed further in the case, and that he several times subsequently called their attention to the matter before he proceeded to procure the order requiring an answer. It appears that at the time the amended and substituted petition was filed the defendant in the action was represented by Seevers & Bryan, but that Bryan had exclusive charge of the case for the firm. That Nash advised Bryan of the filing of the pleading is not denied, but Seevers testifies that he himself was never notified, and that Bryan about that time withdrew from the active business of the firm, and left home, on account of ill health. Seevers and Malcolm both testify that their firm, which now represents Johnson, Lane & Co., was formed in March, but that Malcolm gave no attention to the business formerly in charge of Seevers & Bryan, except as he was requested to do so by Seevers. This is important, with reference to the testimony of Nash, for he claims that several times before taking default in May he spoke to Malcolm about the case, and that Malcolm was present in the court-room, and knew what was being done, when default was finally taken. Now, it seems to us that, if Bryan were properly notified, in accordance with the terms of the agreement, then Nash was guilty of no fraud; and, further, that if Nash believed Malcolm, as Seevers' partner, to be an attorney in the case, and advised him as to

the situation, then there was no fraud. Plaintiffs, in order to make out their case, must introduce clear and satisfactory evidence of the fraud charged, and we think they have failed to do so.

As already stated, the plaintiff in a proceeding such as this, to set aside a judgment, must allege matters constituting a defense to the action if he were the defendant therein, and the judgment is not to be vacated until it is adjudged that there is a defense to such action. It appears that the plaintiffs in this proceeding did not allege any grounds of defense in their petition, nor did they tender any answer setting up a defense which they desired to interpose to the original cause of action in case the judgment should be vacated and a new trial granted. But they did subsequently file what purported to be an answer in the original action. As to this we may say, in passing, that the filing of such answer was wholly irregular and unauthorized. A judgment had been entered against them, and they had no right to file an answer until the judgment had been set aside. However, treating this irregular answer as though it were a statement of their defense to the original cause of action, which they should have alleged in their petition, or in a proposed answer referred to in the petition as one which they desired to file should the judgment be set aside, we find that such answer contains first, a general denial of liability, and, second, a counterclaim. A general denial, in the ordinary form of pleading, is certainly not an allegation of the matters constituting a defense to the action, such as is required by the Code in a proceeding to set aside a judgment.

*3. SETTING aside default; defenses.*

As to the counterclaim, plaintiffs were not entitled to have that considered, for the reason that a counterclaim is no answer in itself to the right of plaintiff to recover on his cause of action. If it should be thought that possibly this counterclaim was, in effect, a defense, and negatived

the existence of any balance due the Nash-Wright Company from Johnson, Lane & Co., the sufficient answer is that the fact is not made to appear.   It is difficult to say whether the counterclaim and plaintiffs' original petition related to the same matters of account as between the two parties, for the reason that the abstract, while referring to exhibits to the original amended and substituted petition, and the counterclaim as setting out the items of the respective accounts referred to in those two pleadings, does not set out the exhibits in full, but states only their substance, and we cannot tell whether any of the items set up in the counterclaim were items included, or which should have been included, in the Nash-Wright Company's account or not.   All we know is that from the allegations of the two pleadings it appears that the original account sued on covered debits and credits between March 1, 1895, and October 31, 1895, while the counterclaim purports to cover items for grain shipped to the Nash-Wright Company by Johnson, Lane & Co. between September 30, 1892, and July 8, 1896.   If the credits for which Johnson, Lane & Co. sought recovery in their counterclaim were such as were included, or ought to have been included, in the original Nash-Wright Company account, then they were not proper subjects of counterclaim at all; and, if they were not credits which were or ought to have been included in that account, then they amounted to a counterclaim pure and simple, on which Johnson, Lane & Co. might have sued the Nash-Wright Company at any time; and it is plain that such a counterclaim would not constitute any defense which could be set up as affecting the validity of the original judgment rendered in favor of the Nash-Wright Company.   The only issue, therefore, which the court could legitimately try in the proceeding for a new trial was the issue which Johnson, Lane & Co. sought to interpose by their general denial.

Conceding for a moment that the mere general denial was a sufficient allegation of a defense, we are brought to the question whether the defense was proven, for the burden of proof in this proceeding is on the defendant, that is, the party asking to have the judgment vacated, to show that he has a defense to the action in which the judgment was rendered. It must be borne in mind that this is not a proceeding merely to set aside a default, but an action to secure the vacation of a solemn judgment of the court, and that the plaintiff in this proceeding is not entitled to relief until he has established not only some fraud or irregularity in procuring the original judgment, but also has satisfied the court that he has some ground of defense. No matter how fraudulent or irregular the judgment may be, if it is a judgment which ought to have been rendered, there is no reason for setting it aside. It is true that the court does not finally determine the merits of the defense, but the party asking the privilege of being allowed to interpose it after the rendition of judgment against him should at least go so far as to make a *prima facie* defense as against the claim on which the judgment was founded. Without any pleading by the opposite party, the facts relied on by way of defense to the original action are directly in issue, and the truth of these facts is to be determined by the court. Code, sections 4095, 4096. If the judgment is vacated, the original action, with the defense interposed, will be tried. But the court is nevertheless charged with the duty in the proceeding to set aside the judgment of ascertaining on the evidence, whether any facts existed which, if established on the retrial, would *prima facie* constitute a defense. *Miracle v. Lancaster*, 46 Iowa, 179; *Dryden v. Wyllis*, 51 Iowa, 534; *Worth v. Wetmore*, 87 Iowa, 62; *Coleman v. Case*, 66 Iowa, 534.

In the case before us the only showing of any kind indicating a valid defense by Johnson, Lane & Co. to the original cause of action of the Nash-Wright Company con-

sists of a question propounded to Seevers, one of the attor-

4. SAME; evidence.

neys for Johnson, Lane & Co., and his answer thereto, as follows: "Q. Did the defendants have a good defense in this case, from your investigation of the facts as they gave them to you? A. In my opinion, they have a good and complete defense to the action, and a good counterclaim." The question was objected to on the ground of incompetency, because it asked for the conclusion of the witness. But this objection was overruled. Certainly there was no competent testimony here of the existence of any fact whatever that constituted a defense. Not only does the witness fail to testify as to the existence of any fact, but he fails to disclose the nature or substance of the defense. How could the trial judge, from this evidence, have any knowledge whatever as to whether, if a new trial were granted, there would be even a colorable defense to the cause of action, supported by the testimony of witnesses competent to testify as to the facts? On this ground alone, therefore, the trial court should have refused to set aside the judgment.

Furthermore, it is elementary that, if the party seeking to set aside the judgment has been unsuccessful in the original action by reason of any negligence on his part or on the part of his attorneys, the court should refuse to interfere for the plain reason that one who himself has brought about a result injurious to him cannot complain of the acts of others in contributing thereto. When the order was made in the original case on May 17th, requiring the defendants to answer by May 25th, they were bound to take notice of such order, irrespective of any preceding arrangement, and we think that they are not entitled to relief as against a judgment entered against them by default two weeks afterward.

The action of the lower court in setting aside the judgment and granting a new trial was erroneous, and it is REVERSED.