MARIE YOCUM, Appellant, v. WILLIAM TAYLOR, Administra-
tor, Appellee.

**JUDGMENT:**   Setting Aside—Independent Action in Equity.   An
1   independent action in equity to set aside a voidable judgment
will not lie unless based on statutory grounds, and then only in

case the applicant first exhausts his remedy at law.  Sections 3440, 4091, Code, 1897.

**PLEADING:  Demurrer—Improper Action in Equity For New Trial.**
2    A general equitable demurrer will lie to a petition *in equity* for a new trial, when the petition reveals the fact that the action should have been *at law*, under the statute (Section 4091, Code, 1897).  The defendant need not move to transfer to the law side of the calendar.

**JUDGMENT:  Setting Aside—Duress—Ignorance of Law.  Manifest-**
3    ly, legal duress may not be predicated on ignorance of the law, or on failure to read the process, or to consult counsel.

*Appeal from Clarke District Court.*—THOMAS L. MAXWELL, Judge.

WEDNESDAY, MARCH 14, 1917.

SUIT in equity to set aside a judgment of the district court of Clarke County, in an action of replevin brought by defendant against the plaintiff herein.  The trial court sustained a demurrer to the petition as amended, and plaintiff appeals.—*Affirmed.*

*Mason & Dyer,* for appellant.

*O. M. Slaymaker,* for appellee.

DEEMER, J.—I.  This is an independent action in equity, to set aside a judgment of the district court, in a replevin case brought by defendant against the plaintiff. The property involved was a certificate of deposit for the sum of $2,500, issued by the Murray Bank to one T. W. Husted, now deceased.  The property was seized on a writ of replevin issued in that case, and turned over to the defendant herein, the administrator of Husted.  Plaintiff herein made no defense to that action, and the judgment was rendered on the 9th day of February, 1915, due notice having been given plaintiff herein of the action.

This suit in equity was commenced October 5th, 1915. It is not to set aside the default, or to vacate and set aside

the judgment under Section 4091 *et seq.* of the Code, but, as stated, an independent action in equity to set aside the judgment. The grounds for setting aside the judgment are duress, or fraud and duress, the allegations, so far as material, being as follows:

"That, immediately after the death of the said T. W. Husted, Boyd Husted, brother of the deceased, Earl and Gale, sons of the deceased, accused this plaintiff of having poisoned the said T. W. Husted, their brother and father, and of having caused his death. That the said parties, each and all, not only accused her of murder as aforesaid, but accused her of being guilty of the crime of bigamy, and did endeavor to have her arrested and charged with these said crimes. That the parties herein named assiduously circulated said false and slanderous reports in the neighborhood of the Husted farm where she lived, and they forced and compelled her, the plaintiff herein, to leave said farm, and she left said farm with only 40 cents in money, and came to the city of Osceola without means and without friends. And this plaintiff states further that for three days she subsisted in the said city of Osceola on 5 cents in money. That the circulation of these said false and slanderous reports alienated and drove from her all of the friends and acquaintances she had made. That she was a stranger, with no one to consult and no one to go to for advice and sympathy. And that during this time, when in these straitened financial and unfriendly circumstances, she was served, as she is now informed and believes, with the writ of replevin. That at the time she did not know that the person serving the same was a sheriff or other officer. That she supposed and believed that he was an agent of the administrator, his agents, or attorneys, or some member of the Husted family. That said person said to her that if she did not deliver up said certificate she would be arrested, thrown into jail, which said threat she construed

to mean that she would be arrested on account of the charges that were being made and had been made. And this plaintiff states that she was in great fear of being arrested. That she was suffering under great mental anguish and had not recovered from the physical depression incident to the attendance upon T. W. Husted's last illness, and that, under these circumstances, in order to avoid arrest under the charge of murder or under the charge of bigamy, she delivered the said certificate of deposit. But this plaintiff states that she did not know that it was recovered from her by due process of law. Plaintiff further alleges in this connection that she was led to believe and did believe that, in the event there was a surrender of this certificate, that the said charges would not be pressed against her in her then helpless condition, and so relying surrendered the same.

"Plaintiff further states that she did not know and understand that there was any suit pending against her in connection with this certificate. Nor did she know it was necessary for her to appear and make defense at the term of court when this judgment was rendered against her. That she still stood in great fear of criminal prosecution under the charges of murder and bigamy. That she had not consulted counsel and feared to consult counsel, lest in her activity she stir up the defendants, who would procure, or seek to procure, her indictment and trial for the defense of the charges aforesaid. And in this connection, plaintiff further states that she was without means and had no acquaintance among attorneys and no means for employment of attorneys. Plaintiff further states that the conditions and circumstances herein described remained unchanged until a long time after the ensuing term of court had convened and adjourned. That on or about Wednesday, December 8, 1914, at Osceola, Iowa, one A. B. Miller, who was a member of the bar of said court, pre-

sented to the plaintiff a paper which is in words and fig-
ures following, to wit: 'In the district court of Iowa in and
for Clarke County. November term, 1914. In the matter
of the estate of T. W. Husted, deceased. This is to show
and certify that I was married to J. L. Yocum prior to the
time I married T. W. Husted, late of Clarke County, Iowa,
and that I was not divorced from the said J. L. Yocum, and
that he is still living. Dated at Osceola, Iowa, this 8th day
of December, 1914. ————————————Witnesses.' That
said Miller represented to plaintiff that he was the attor-
ney for the heirs of the said T. W. Husted, deceased; that
they desired an immediate appointment of an administra-
tor of the said T. W. Husted, and that if the plaintiff would
sign the said paper so presented, that the charge of murder
of the said T. W. Husted would not be pressed against the
plaintiff, which said statement by the said A. B. Miller so
made put the plaintiff in great fear and consternation, but
the plaintiff declined to sign the same."

The demurrer was the general one authorized by stat-
ute, and it was sustained, and the appeal is from that rul-
ing. This petition was filed within a year from the time
of the rendition of the judgment, and is confessedly not un-
der the statutes (Sec. 4091 *et seq.*) authorizing a vacation
or modification of the judgment for fraud in obtaining the
same, or unavoidable casualty or misfortune, preventing
the party from defending. But counsel claim that an inde-
pendent action in equity will lie to set aside a judgment
obtained by duress. Without questioning the claim, it is
enough to say that, under our rule, an in-
1. JUDGMENT: set- dependent action will lie only in the event
ting aside: in-
dependent ac- that it is bottomed upon statutory grounds.
tion in equity.
See *Lumpkin v. Snook*, 63 Iowa 515; *Jack-
son v. Gould*, 96 Iowa 488; *Ruppin v. McLachlan*, 122 Iowa
343; *Richards v. Moran*, 137 Iowa 220. If brought within a
year, it must be by petition at law in the original case, and

set forth some statutory ground. We may assume that duress is a species of fraud, and within the second subdivision of the statute, and that such duress would be ground for setting aside the judgment; yet we would still be confronted with the proposition that, until plaintiff had exhausted her legal remedies under the statute, she has no right to bring an independent suit in equity.. Such is the holding, not only of our cases, but, with few exceptions, is the rule everywhere. The rule is based on well settled principles, and should be constantly adhered to. In support of this rule, see *Hintrager v. Sumbargo,* 54 Iowa 604; *Johnson, Lane & Co. v. Nash-Wright Co.,* 121 Iowa 173.

2. PLEADING : demurrer : improper action in equity for new trial.
It is elementary, of course, that one cannot resort to equity who has a plain, speedy and adequate remedy at law; and, if the petition discloses that there is a remedy at law, and no showing is made of any reason for not resorting to this legal remedy, a demurrer to the petition sufficiently raises the question.

It is not necessary that the opposite party move to transfer to the proper forum. *Newman v. Covenant Mut. Benefit Assn.,* 72 Iowa 242; *McLachlan v. Incorporated Town of Gray,* 105 Iowa 259.

These rules apply only where the judgment is voidable and not void, and it is apparent that the judgment here attacked was not, under the allegations of the petition, void. At most, it was merely voidable. Here, the right of plaintiff to maintain an independent action in equity was challenged by the demurrer, and we think this ground was good.

II. The original notice of the replevin action was served on defendant, plaintiff herein, on December 29, 1914. The action was commenced for the February, 1915, term of court, commencing on February 8th, and the judgment was rendered against defendant on February 9th of the same year. The property was taken from plaintiff on Decem-

ber 29, 1914, and this action was not commenced until October 5, 1915. Plaintiff was 40 years of age, and a woman of large experience as cook, housekeeper and trained nurse. Whilst the allegations with reference to the surrender of the certificate to the officer may make out a case of duress, the showing of excuse for not appearing to the notice and defending the action lacks many of the elements of legal duress. It amounts to nothing more than a lack of knowledge of the law, failure to read the notice, and failure to consult counsel, largely because she had no means with which to employ them. There is no express allegation that she did not appear to the action because of duress. At best, this is a remote inference from what is alleged. Section 3440 of the Code provides that:

3. JUDGMENT: setting aside: duress: ignorance of law.

"Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. But such judgment does not prevent the recovery of any claim, though such claim might have been used by way of counterclaim in the action on which the judgment was recovered."

Of course, this section has reference to voidable and not to void judgments; but, as already suggested, this judgment is not void. At best, it was obtained through duress, or, perhaps, through fraud; and it seems to us that plaintiff's only remedy in such a case, if discovery is made within a year, is by petition to vacate, under Section 4091 *et seq.* of the Code.

Even were the action under those sections, the allegations of the petition are so vague that we would entertain considerable doubt as to whether a case had been stated on paper. Plaintiff's counsel contend, however, that defendant's only remedy was to move to transfer to the

proper forum, and that a demurrer to the petition will not lie. We have already indicated that this is not true, as applied to the situation here. No case has announced any such doctrine, and if it had, it would be of such doubtful authority that we should feel disposed to question its correctness. A demurrer challenging the allegations of the petition as stating a cause of action in equity is sufficient, as we think, to raise the question.

The demurrer was properly sustained, and the judgment must be, and it is,—*Affirmed.*

The foregoing opinion was prepared by Justice Deemer, now deceased, and is adopted as the opinion of the court.

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.