R. M. MOEHN et al., Appellees, v. D. H. HEDRICK et al.,
Appellants.

**TRIAL:** **Dockets—Harmless Error.** Error, if any, in allowing plaintiff
to remain in equity becomes quite immaterial when plaintiff was
not entitled to any relief.

**GUARANTY:** **Construction—Sale of Bank Assets.** An obligation guar-
anteeing the collectibility of bank assets "owned by * * * said bank
at the time of the transfer" thereof necessarily does not cover an
asset acquired by the bank after the stipulated time for transfer
and at a time when the purchaser was in control of the bank.

*Appeal from Ida District Court.*—M. E. HUTCHISON, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

ACTION in equity, on a written guaranty contained in a con-
tract of sale of a part of the capital stock of the Commercial
Savings Bank of Carroll. The opinion states the material facts.
The trial court determined the equities to be in favor of the
plaintiff Moehn, continued the cause as to the defendant Berger
by reason of bankruptcy proceedings pending in the Federal
court, and entered judgment against the defendants Hedrick
and Johnston for seventeen twenty-fifths of the unpaid note in
suit, or in the sum of $2,655.10.—*Reversed.*

*Ed H. Campbell* and *Guy G. Ellis,* for appellants.

*Helmer & Minnich* and *M. M. White,* for appellees.

De Graff, J.—The facts necessary and material for the determination of the issues in this case are not complicated or in conflict, and the legal principles controlling find ready application.

The record discloses that, on November 15, 1919, the defendants F. E. Berger, D. H. Hedrick, and A. C. Johnston entered into a written contract with the plaintiff R. M. Moehn, whereby they agreed to sell and assign to the plaintiff 170 shares of the capital stock of the Commercial·Savings Bank of Carroll, Iowa, for the sum of $34,000. Upon the execution of the contract, $10,000 was paid, and it was agreed that final settlement should be made on or before January 1, 1920, and, "upon payment of said sum within the time specified," the defendants agreed to assign and deliver to plaintiff the certificates of stock agreed to be sold. The contract further provided:

"The parties of the first part [defendants] represent and guarantee that the assets and liabilities of said bank are correctly stated and recorded in the Daily Statement Book of said bank shown to party of the second part [plaintiff] under date of November 14, 1919, and that said assets are as therein stated and recorded * * * and said first parties further agree that no distribution of the assets or profits of said bank shall be made among the stockholders of said bank or any of them or otherwise disposed of between this date and the date of the final transfer of said bank as herein provided for, payment of current salaries and expenses excepted * * *. In consideration of the purchase of said stock by the party of the second part the parties of the first part agree to execute and deliver to party of second part together with the stock certificates representing same their written guaranty of all notes, bills receivable, bonds, warrants, overdrafts or other evidence of indebtedness owned by or the property of said bank at the time of the transfer of said stock, and said parties thereby guarantee the payment of all said notes, bills receivable, bonds, warrants, overdrafts and other evidences of indebtedness."

It was further agreed that Berger should remain in the employ of said bank at a stipulated salary until March 1, 1920, and thereafter at the option of the plaintiff.

The supplemental contract of guaranty was never executed, nor was any request ever made for its execution by plaintiff. It further appears that the transfer of the stock was not made on January 1, 1920, as stipulated, for the reason that plaintiff did not have sufficient funds, or that he had not completed his investigation of the assets of the bank and satisfied himself of their value. The final payment was made April 12, 1920. The defendants, however, were ready, able, and willing to deliver said stock at the agreed time.

The provocation of this suit lies in the fact that a certain promissory note in the sum of $3,400, due on or before March 1, 1921, payable to F. E. Berger and signed by T. M. Finnigan, was sold to the bank by Berger. Upon its maturity, it was found to be worthless. Plaintiff denied knowledge of the purchase of this note (which is disputed by Berger), and testified in the first instance that the note was in the possession of the bank when the contract was signed. The undisputed record, however, shows that the note was entered upon the records of the bank by one of its clerks on March 9, 1920, and at a time when plaintiff was in control of the bank. This suit was instituted to recover the value of the note from its guarantors (defendants herein) under the terms of the contract for the sale of the capital stock. Defendants pleaded a general denial; that a settlement was had between the parties; that the plaintiff had extended the time of payment of the note in question; and that no demand had been made on the defendants. All of these affirmative defenses were denied by the plaintiffs.

The petition in this case was filed and the cause proceeded to trial in equity, predicated on the fundamental maxim that equity will regard that as done which, in good conscience, ought to be done. The contract is not in itself a guaranty, but it was contemplated that a separate written guaranty should be made and delivered at the time stipulated for the transfer of the certificates of stock. This was never done.

1. TRIAL: dockets: harmless error.

Defendants filed a motion to transfer to law, which was overruled by the court. There was no error here. It is elementary that a litigant cannot resort to equity when a plain, speedy,

and adequate remedy at law exists. *Yocum v. Taylor,* 179 Iowa 695. At first blush, the instant petition suggests a mere money demand. This cannot be enforced in equity unless there is some feature of the case peculiarly within the province of a court of equity. If the relief asked, or the defense interposed, is equitable, then it may be said that the issue is equitable. Pomeroy states the rule thus:

"Where the primary right of the plaintiff is purely legal, arising either from the nonperformance of a contract or from a tort, and the money is sought to be recovered as a debt or as damages, and the right of action is not dependent upon or connected with any equitable feature or incident, * * * full and certain remedies are afforded by actions at law, and equity has no jurisdiction; these are cases especially within the sole cognizance of the law." I Pomeroy's Equity Jurisprudence 229.

See, also, *Jones v. Newhall,* 115 Mass. 244; 21 Corpus Juris 55.

If error was committed by the trial court in permitting plaintiff to remain in equity, it was error without prejudice. The contract in suit contemplated another contract, to be executed at a stipulated time and under certain conditions. It is not susceptible of any other construction. The primary question the answer to which is determinative of this case is: Did the contract between plaintiff and defendants in the purchase of the stock contemplate and intend a guaranty to be executed as to the note which provoked this suit? The evidences of indebtedness within the purview of the pleaded contract were exhibited to plaintiff and examined by plaintiff. The assets were to be good assets when the date for completing the contract had arrived. Under the evidence in this case, there is no occasion to invoke the equitable maxim that equity regards as done that which ought to be done. Had the supplemental contract of guaranty been executed, the plaintiff, in relation to the note in controversy, would be in no better or different position than he now is. In applying this maxim, the rights of all must be preserved, and the court will enforce it in accordance with the intention and the agreement of the parties. It cannot be invoked to create a

2. GUARANTY: construction: sale of bank assets.

right contrary to the agreement of the parties or in disregard of the essential conditions stipulated by them. *Sprague v. Cochran*, 144 N. Y. 104; 21 Corpus Juris 201.

"The doctrine is only applicable when there has been a failure to discharge some obligation then resting upon the party against whom the doctrine is invoked. It connotes a wrongful act in failing to meet a subsisting obligation." *Good v. Jarrard*, 93 S. C. 229 (76 S. E. 698).

Clearly, there was no intent, express or implied, in the contract between the parties to guarantee paper purchased and accepted by the bank subsequently to the execution of the contract, and especially so while plaintiff was in control thereof. We think that plaintiff in the first instance placed no other construction upon this contract than that it was intended to cover the assets of the bank at the time the agreement was executed. He was quite positive that the note in controversy was in the bank when the contract was signed, and his testimony was changed to conform to the bank register, which disclosed that the Finnigan note became a part of the bank's assets on March 9th. Defendant Berger was not the agent of the other defendants Hedrick and Johnston in selling paper to the bank, so as to impose an obligation upon the latter under the terms of the contract of guaranty to be executed. His agency was special, and contemplated simply the transfer of the certificates of stock, which had been placed by his codefendants in his possession for delivery under the terms of the contract. The default in fulfilling the conditions of the contract is not chargeable to the defendants as guarantors, but to the plaintiff. The defendants were not insurers of all paper in the bank at any time that the stock might happen to be transferred. The assets of the bank were listed and exhibited to the plaintiff Moehn, and direct reference was made thereto in the contract. Furthermore, it was contemplated that this sale should be consummated on January 1, 1920, and it is expressly agreed that the contract of guaranty to be executed should cover the evidences of indebtedness to the bank at the stipulated time.

Other propositions are urged by appellant, but we deem it unnecessary to extend this opinion in the assignments for a

reversal. It is clear that the plaintiff is not entitled to any relief as against these appellants, under the evidence introduced. Wherefore, the judgment and decree entered is—*Reversed*.

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.