Eli J. Swartzendruber, Appellant, v. C. J. Polke et al.,
Appellees.

February 14, 1928.

*S. K. Stevenson* and *E. E. Collins*, for appellant.

*Hatter & Harned*, for W. J. Wade and Bertha L. Wade, appellees.

DE GRAFF, J.—This is an independent action in equity, to set aside a judgment of the district court in a real estate foreclosure proceeding wherein one C. J. Polke was plaintiff and W. J. Wade, Bertha L. Wade, N. H. Donohoe, Henry Yoder, and the appellant herein, Eli J. Swartzendruber, were defendants.

On the 5th day of November, 1925, there was entered in said cause a judgment and decree, adjudging that the plaintiff Polke have and recover from the defendants the sum of $3,309.03, with interest, attorney fees, and costs. The land was sold under special execution, and after the proceeds were applied to said indebtedness, there was a deficiency judgment against Eli J. Swartzendruber in favor of the judgment-creditor, C. J. Polke, in the sum of $971.88.

The instant plaintiff predicates his cause of action in equity on fraud in the securing of said judgment. He never reached a point beyond the filing of his numerous petitions, by reason of the rulings of the trial court on motions of defendant-appellees, presently noted. It is at once apparent that the cause has not been tried on the fact side, and it is to the pleadings and motions that we must resort, to discover the historical sequence of the facts.

On November 12, 1926, plaintiff, Swartzendruber, filed his petition in equity, to set aside and vacate the judgment entered on November 5, 1925, in the foreclosure action. Notice was served upon the defendants Polke, W. J. Wade, and Bertha L. Wade. Before answer or other pleading was filed by the defendants, plaintiff, on January 28, 1927, filed an amended and substituted petition, which alleges, *inter alia*, that plaintiff entered into an oral contract with the defendant W. J. Wade, under the terms of which Wade was to sell to the plaintiff the tract of land in question (described in the petition), and whereby plain-

tiff was to deliver to Wade a certain automobile, as the purchase price of said tract, and that Wade was to make a deed to said land, conveying same to whomsoever the plaintiff, Swartzendruber, should direct; that said automobile was turned over to said Wade; that, on July 6, 1925, one C. J. Polke commenced his action in the district court of Iowa in and for Iowa County, to foreclose a certain mortgage on said land in the sum of $3,000, dated March 1, 1920; that said mortgage was signed by W. J. Wade and Bertha L. Wade, his wife; that said petition to foreclose alleged that plaintiff, Swartzendruber, had received from Wade and wife a deed to said land, and by the terms thereof the said Swartzendruber assumed and agreed to pay the said mortgage indebtedness; that plaintiff at no time ever received a deed from Wade, and at no time ever agreed to assume and pay the said indebtedness; that, under date September 15, 1925, Eardley Bell, Jr., entered his appearance in said foreclosure action for the defendants Wade and Swartzendruber, and was given ten days to plead; that, on August 1, 1925, the said attorney filed in the district court in said action the answer and cross-petition of the defendant W. J. Wade, and that in said cross-petition it is alleged that the defendant Swartzendruber has failed to pay said note and mortgage, and that there is now due on said note the sum of $3,286.35, with interest, and that in the prayer of said cross-petition W. J. Wade demands judgment against the defendant Swartzendruber in said sum; that the said attorney did not file any pleading for this plaintiff, but, on the contrary, did file the said cross-petition, and that the interests of the said Wade were adverse and opposed to the interest of this plaintiff, and that the said attorney was working for and in the interest of said Wade, contrary to equity and good conscience on the part of said attorney; that said attorney permitted judgment to be entered against this plaintiff, to his great loss and injury; that following the decree of foreclosure against this plaintiff a writ of execution was secured and levy made on all of the personal property of said plaintiff; that the said Wade and the said Eardley Bell, Jr., conspired to defraud this plaintiff out of money to the extent of the said mortgage, by alleging that the said plaintiff had assumed and agreed to pay said mortgage, and by pretending to enter an appearance and represent this plaintiff in said foreclosure action.

On January 31, 1927, defendant Polke entered her appearance *pro se*, and filed her answer by general denial, and on February 3, 1927, appellant dismissed his petition as to the defendant Polke. The record shows that, on October 12, 1926, the mortgagee Polke by written assignment sold and transferred all right, title, and interest in the foreclosure judgment to W. J. Wade, appellee herein.

On February 4, 1927, the appellees W. J. Wade and Bertha L. Wade filed their motion to dismiss the amended and substituted petition, and gave notice of the statutory hearing thereon. The primary grounds recited in the motion are that (1) the petition shows on its face that plaintiff is not entitled to the relief sought, or to any equitable relief whatever; (2) the filing of the petition is not timely; (3) the plaintiff has or had a plain, speedy, and adequate remedy at law; (4) the action is not properly entitled, and should have been brought in the original case.

Upon the hearing of this motion to dismiss, to wit, February 18, 1927, the motion was sustained, the petition was dismissed, and judgment for costs was entered against the plaintiff, to all of which plaintiff duly excepted. The plaintiff did not elect of record or otherwise to stand on his pleadings, nor did he appeal from the ruling on the demurrer and the judgment entered. The plaintiff did thereafter, to wit, March 7, 1927, without requesting or securing an order of court fixing the time to amend his petition, file what is denominated "his amended and substituted petition herein," to which, on April 12, 1927, the defendants W. J. Wade and Bertha L. Wade filed a special appearance and plea to the jurisdiction, based on the grounds (1) that the court had no jurisdiction to entertain or permit said amended and substituted petition, for the reason that an order and judgment was entered by the court, dismissing, at plaintiff's cost, plaintiff's cause of action stated in his original filed petition; and (2) that the pleading denominated "amended and substituted petition in equity," filed on March 7, 1927, does not purport to state or set out an original or new cause of action, and that said amended and substituted petition is identical with the cause of action attempted to be stated in the prior pleadings of the plaintiff. The trial court sustained the plea, and ordered that the said amended and substituted petition "should be, and it is, stricken from the files."

It may be observed from this brief statement of the facts that the merits of this appeal are, in essence, procedural in character. We first give attention to the ruling on defendant's motion to dismiss, and then inquire (1) whether the appellant had the right to amend his petition after the motion was sustained by the trial court, and (2) whether the second amended and substituted petition is identical in the statement of a cause of action as declared in plaintiff's first amended and substituted petition, to which the motion to dismiss was directed.

A motion to dismiss in an equitable action is, in legal effect, an equitable demurrer. Section 11130, Code of 1924, is a statutory hybrid, and changes the nomenclature in equity actions by converting the term "equitable demurrer" to a "motion to dismiss." This statute was introduced in the fortieth extra general assembly of Iowa. See General Explanation attached to Code Commissioner's Bill No. 229 in Code Revision Bills, Iowa, 1923. The Code section in question finds its prototype in Rule 29 of the United States General Equity Court Rules, in force February 1, 1913, and much of the language found in Section 11130 and succeeding sections may be read in the Federal Equity Rule, supra. Beecher's Federal Rule Book Annotated 324.

There can be no question that, when the motion to dismiss (demurrer) was sustained, and judgment for costs was entered against the plaintiff, he had the right to elect to stand on his pleadings and appeal, or to amend his pleadings, taking the chance that further challenge would be made by the defendants. At the outset, it may be observed that the judgment in the original action, which is now sought to be vacated and set aside, is not void, but, at most, was merely voidable. Had the plaintiff elected to stand on his pleadings and appealed, as was his right (Section 12823, Code of 1924), could the appellant expect a reversal on this record? Plaintiff's petition in the first instance was dismissed. His action was in equity.

Did the dismissal, under the pleaded facts, with judgment for costs against plaintiff, constitute a final decision, and with prejudice? Since the ruling was on a motion to dismiss (demurrer), we must examine the grounds of the motion. One of the grounds is

that the filing of the petition is not timely. When in point of time, should the petition have been filed? The statute provides that:

"Where a final judgment or order has been rendered or made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same, or grant a new trial: (1) For * * * irregularity in obtaining the same. (2) For fraud practiced in obtaining the same." Section 12787, Code of 1924.

It is further provided that no petition shall be filed after one year from the rendition of final judgment. Section 12790, Code of 1924.

The instant judgment was entered November 5, 1925. The first petition of the instant plaintiff was filed November 12, 1926. Appellant contends that the pleaded fraud is extrinsic or collateral to the issues in the foreclosure action. In brief, he contends that, if the fraud alleged is extrinsic and collateral to the proceeding and issues in the original case, a court will take cognizance in an equitable proceeding to vacate a judgment or decree after the expiration of one year. This is the well settled rule of this jurisdiction, but it is subject to a well defined limitation, to wit: If plaintiff discovered the alleged fraud within one year, or by the use of reasonable diligence on his part might have discovered it within that time, he is not legally privileged to prosecute his independent action in equity to vacate and set aside the judgment. *Graves v. Graves*, 132 Iowa 199; *Montagne v. Cherokee County*, 200 Iowa 534; *Abell v. Partello*, 202 Iowa 1236.

There is one all-sufficient reason against the exercise of such power in the instant case, since the plaintiff admits in his petition that the first knowledge or information he received of the alleged fraud practiced by his attorney in conspiracy and confederation with his codefendant Wade was "when and at the time execution was issued out of the office of the clerk of the district court of Iowa County on said judgment, on the 16th day of October, 1926." This was prior to the expiration of a year after the judgment entry.

Two other grounds of the motion to dismiss were that (3) the plaintiff had a plain, speedy, and adequate remedy at law,

388

and (4) that the action is not properly entitled, and should have been brought in the original action. It is said in *Yocum v. Taylor*, 179 Iowa 695:

"It is elementary, of course, that one cannot resort to equity who has a plain, speedy, and adequate remedy at law; and, if the petition discloses that there is a remedy at law, and no showing is made of any reason for not resorting to this legal remedy, a demurrer to the petition sufficiently raises the question."

Clearly, under the pleaded facts and admissions therein contained, plaintiff was not compelled to resort to an independent action in equity, but he was obligated to commence his suit, under Section 12787 *et seq.*, by petition entitled in the original action as an ordinary proceeding. *Johnson, Lane & Co. v. Nash-Wright Co.*, 121 Iowa 173; *Hedrick v. Smith & Reed*, 137 Iowa 625; *Haas v. Nielsen*, 200 Iowa 1314. The statutory law, as interpreted by this court, is sufficient to defeat the appellant and to affirm the ruling of the trial court in the first instance.

We now turn to the ruling of the court on the plea to the jurisdiction to the second amended and substituted petition of plaintiff. This amended petition was filed seventeen days after the order and judgment was entered on defendant's motion to dismiss, and, as pointed out, the petition was filed without request for time on the part of the plaintiff, and without an order of court as to time of filing an amendment. It is provided by statute that, upon the filing of a motion or demurrer assailing any pleading, the necessity of filing any other pleading is suspended "until the same has been determined, and the next pleading shall be filed by the morning of the day succeeding such determination." Section 11137, Code of 1924.

A plaintiff has the undoubted right to amend his petition, to avoid the effect of a motion to dismiss (demurrer), and if he demands that right, or requests the court for opportunity to further plead, we will not presume that the court will deny such right. It was aptly said by our lamented Justice Weaver of this court in *State ex rel. Gunderson v. Phillips*, 186 Iowa 1052:

"If, as sometimes happens, the trial court's ruling is so unexpected as to leave counsel temporarily speechless until after

judgment has been entered against him, it will still be presumed on appeal that a request made with reasonable promptness after recovery from the shock will not be denied."

The instant plaintiff did attempt to amend, but a comparison of the language of his second amended and substituted petition with the language of its predecessor will disclose the identical intent and content. No new or further cause of action was stated. The filing of a pleading once held insufficient on demurrer is properly reached by a plea to the jurisdiction, which, in this case, in legal effect, was a motion to strike, and was so treated by the trial court, since the enrolled order read:

"That said amended and substituted petition should be, and it is, stricken from the files."

See *Myers v. Wendell*, 198 Iowa 859. The ruling, therefore, on defendant's motion to dismiss the petition in equity and the judgment entered thereon was final, since the amendment, even though viewed as timely and properly filed, was no amendment. See *Cooley v. Maine*, 183 Iowa 560; *State ex rel. Gunderson v. Phillips*, supra.

Appellees have filed a motion to dismiss the appeal, but we prefer to rule the case on the points and propositions relied upon in the respective briefs and arguments of the parties. The rulings of the trial court are—*Affirmed*.

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.