NELLIE G. McKEE, Appellant, v. NATIONAL TRAVELERS CASUALTY ASSOCIATION, Appellee.

No. 44440.

November 15, 1938.

Brunk, Janss & Bauch, and Gilmore, Moon & Bannister, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellee.

HAMILTON, J.—The original action, in which the order of dismissal was entered, was commenced July 1, 1932 to recover on an accident policy issued by the defendant upon the life of the plaintiff's husband, now deceased. The defendant company had its principal place of business in the city of Des Moines, Polk County, Iowa. On August 26, 1932, and within the time allowed by law and rules of said court defendant filed in said cause in the Wapello district court motion for change of venue to the Polk County district court. For some undisclosed reason hearing was not had on said motion to transfer until September 21, 1935, more than three years after it was filed. On September 26, 1935, transfer was completed and on the same date plaintiff filed an amendment to her petition and, on October 3, 1935, defendant answered. Although the case was at issue on October 3, 1935, and at all times thereafter, the case was not noticed for trial for the January term, which commenced January 6, 1936, nor for the March term which commenced

March 2, 1936, nor for the May term, which commenced May 4, 1936. The demurrer sets forth that, under the rules of the court of Polk County, all trial notices are required to be filed ten days before the term and if a pending case at issue is not noticed for trial for three consecutive terms it is subject to dismissal and dismissed by order of the court. Accordingly, on May 11, 1936, said cause not having been noticed for trial for three consecutive terms, the defendant filed its motion to dismiss upon the grounds above stated which motion was duly entered on the motion docket and noticed by publication in the Des Moines Daily Record and was assigned for hearing on May 16, 1936, which assignment was duly published in the Des Moines Daily Record. May 16, the same being Saturday, when pursuant to the rules of said Polk district court, motions and demurrers shall be peremptorily heard and ruled on, the Polk district court, pursuant to said assignment and published notice, entered an order sustaining said motion and dismissing plaintiff's petition. Again, on July 15, 1936, after due publication of notice in the Des Moines Daily Record, the Polk district court *sua sponte* entered an order again dismissing plaintiff's action along with divers others. On August 5, 1936, under general order the Polk district court *sua sponte* entered an order again dismissing plaintiff's action along with a list of other causes. The demurrer also recites that during all the time since the commencement of said cause, plaintiff was represented by Messrs. Gilmore, Moon & Bannister of Ottumwa, Iowa, as counsel, and, since September 26, 1935, has also been represented by Mr. Janss of the firm of Brunk, Janss & Bauch of Des Moines as local counsel, all of whom are lawyers learned in the law and chargeable with knowledge of the rules, usages, and practices of the Polk district court. The demurrer further stated that, under section 11232 of the Code, 1935, plaintiff was required to take notice of all motions filed during term time and entered in the appearance docket in the clerk's office. As a separate ground of the demurrer it is alleged that the statute requires that the proceeding, such as the instant action, be brought in the original action whereas the action at bar is a new, distinct, separate and different action.

In the view we take of the case presented, it is unnecessary to consider the affidavit of merits setting forth the untoward circumstances relied upon as constituting the alleged

unavoidable casualty and misfortune. The instant action was instituted under section 12787 et seq., Code, 1935, contained in chapter 552 of said Code. The petition was filed within one year but after the term at which the order of dismissal was made. It was not filed in the original action. Unless we are to overrule or disregard the prior holdings of this court wherein this statute has been construed, we are compelled to hold that the bringing of an independent separate action within the one year period is not permissible.

The first case called to our attention where this statute, as it appeared in the 1897 Code of Iowa, was before this court is Johnson, Lane & Co. v. Nash-Wright Co., 121 Iowa 173, 176, 96 N. W. 760, 761, where this court speaking through McClain, J., said:

"The proceeding provided for is evidently a proceeding in the original action, although, if instituted after the term, it is to be by petition, and not by motion. While the jurisdiction of a court of equity to entertain a petition to set aside a judgment at law for fraud, or on account of other ground of equitable relief, is not expressly denied, it is evident that, so far as the remedy which might formerly have been sought only in equity may now be had in the case itself by petition, there is no occasion to resort to the equitable jurisdiction of the court, for equitable relief should not be given where the plaintiff has a plain, adequate, and speedy remedy at law."

Again in the case of Larson v. Ainsworth, 184 Iowa 1187, 169 N. W. 462, speaking through Ladd, J., we said:

"The practice approved by the authorities is to entitle the petition as in the original action, and, if desired, procure restraining orders, under section 4098 of the Code. See Johnson, Lane & Co. v. Nash-Wright Co., 121 Iowa 173, 96 N. W. 760; Hintrager v. Sumbargo, 54 Iowa 604, 7 N. W. 92. But merely formal matters are not to be regarded as controlling. Wallace v. Wallace, 141 Iowa 306, 119 N. W. 752."

In Yocum v. Taylor, 179 Iowa 695, 161 N. W. 636, we again said [page 699 of 179 Iowa, page 638 of 161 N. W.]:

"If brought within a year, it must be by petition at law in the original case, and set forth some statutory ground."

See, also, Newlove v. Stern, 196 Iowa 1111, 1114, 196 N. W. 51.

In Swartzendruber v. Polke, 205 Iowa 382, 218 N. W. 62, which was an independent action in equity brought to set aside a judgment and which was attacked by motion to dismiss, one of the grounds being that the action was not properly entitled and should have been brought in the original action and that plaintiff had a plain, speedy, and adequate remedy at law, this court said [page 388 of 205 Iowa, page 65 of 218 N. W.] :

"Clearly, under the pleaded facts and admissions therein contained, plaintiff was not compelled to resort to an independent action in equity, but he was obligated to commence his suit, under section 12787 et seq., by petition entitled in the original action as an ordinary proceeding."

■ Plaintiff, after the demurrer had been filed, in a last minute effort to retrieve her inadvertence in not filing the petition in the original cause, filed a motion to consolidate the new action (No. 44630-84) with the old original action (No. 43693-83). To this motion to consolidate resistance was filed by the defendant setting up the statute (section 11226) relating to consolidation of actions and calling attention of the court to the fact that this statute only has application to *pending* actions and only the defendant may make and file such motion. The trial court overruled the motion to consolidate and we think in so doing he acted well within his discretionary power if indeed the statute by its terms did not compel him to so act. No provision of the law has been called to our attention which would require the court on the request of plaintiff over the objections of the defendant to consolidate two separate actions. The statute compels such order on the part of the court only at the instance of the defendant and then only as to *pending* actions. The original action was not pending but had been dismissed. (Italics ours.) Hence, we find that although the defendant may be more or less technical in its contentions, yet, it is within its legal rights under the holdings of this court; although this court has many times indicated its preference that causes be tried on their merits and is loath to hand down a decision, the legal consequences of which will result in a party litigant being deprived of the right to be heard on the merits of his or her cause, yet, there are extremes to which the court,

unless it is to be considered as a "reed shaken in the wind", may not go in protecting the rights of litigants to be so heard.

■ Rules of practice and procedure which have been long established by the decisions of the court should not be lightly disturbed. To shift back and forth in order to meet the exigencies of each occasion as it arises would have a tendency to render all rules of procedure unstable and meaningless as a guide to the profession and to the courts. It perhaps might be well to say that it would seem a rather hopeless task to establish that plaintiff's failure to obtain a hearing on the merits of her case was due to *unavoidable* casualty when, under this record, a motion to transfer to the county of the defendant's principal place of business, which was no doubt decided by the court without a great deal of difficulty, was by the plaintiff allowed to lie in abeyance for over three years. While it was defendant's motion, the plaintiff had a right to call it up at any time and have it disposed of. In addition to this delay, after the case was duly transferred to the proper county and the issues made up, three terms of the Polk County court were permitted to pass without even a trial notice being filed. Perhaps, a reasonable explanation might be made for this delay but to make a showing which would meet the requirements of the statute as being *unavoidable,* under such circumstances, would indeed be a superhuman undertaking. (Italics ours)

For the reasons indicated, the case must be and is affirmed. —Affirmed.

SAGER, C. J., and DONEGAN, STIGER, KINTZINGER, and ANDERSON, JJ., concur.