HOMER R. BROOKS, Appellee, v. CONRAD R. PAULSON, d/b/a Paulson Electric Construction Company, Appellant.

ROBERT H. BROOKS, by his next friend, MRS. NELLIE M. BROOKS, Appellee, v. CONRAD R. PAULSON, d/b/a Paulson Electric Construction Company, Appellant.

No. 44939.

APRIL 2, 1940.

1360

Carl F. Jordan, for appellant.

F. A. Heald and Guy P. Linville, for appellees.

MITCHELL, J.—At about 4:30 o'clock in the afternoon on the 13th day of May, 1938, Robert H. Brooks, a lad of about 16 years of age, was riding his bicycle easterly on Third avenue in Cedar Rapids, Iowa. A pickup truck owned by Conrad R. Paulson, who was doing business as the Paulson Electric Construction Company, was parked along this street. It is alleged that as the boy rode his bicycle to the rear of the Paulson truck, without any warning, it was backed into the street in such a manner as to hit Robert H. Brooks. He was seriously injured.

The father of this lad, Homer H. Brooks, commenced an action at law known as No. 50580 against Conrad R. Paulson for the sum of $981.06 for money which he had expended for medical service and hospital care, in the treatment of his son.

There was also commenced at law, a separate action entitled "Robert H. Brooks, by his next friend, Mrs. Nellie M. Brooks v. Conrad R. Paulson" seeking damages in the amount of $6,000 for personal injuries to the boy. This action is known as No. 50581. Nellie M. Brooks is the mother of Robert H. Brooks.

Motions were filed attacking the pleadings, and after they were ruled on, Paulson filed his answer to cause No. 50580, and this case was assigned for trial. In case No. 50581 the answer was apparently not filed at the time the assignment was made, and it was not assigned for trial. The answer was filed later. However, trial notices had been filed in both actions.

On the day cause No. 50580 was reached for trial, attorneys representing both parties were present in court. The attorneys for both the plaintiffs and the defendant in both causes were the same. Plaintiffs' attorneys dictated into the record in open court a motion to consolidate said two causes for trial, setting forth that the attorneys for plaintiffs and defendant in both

causes were the same. That the two causes of action grow out of the same accident. That the only additional evidence that would be introduced in cause No. 50580 would be the evidence as to the expense incurred in the treatment of the injuries claimed to have been suffered by Robert H. Brooks in cause No. 50581. That the allegations in each of the cases, with the exception of the allegation in No. 50580 as to the cost for medical treatment are substantially the same. That it would save time and expense. The defendant in both causes, by his attorney objected to the consolidation of the two causes. First, that no written motion, as required by the Code, had been served upon the defendant. That the defendant was not present in court, that cause No. 50581 was not assigned for trial for this week. That the two causes of action are different, the relief sought is different, that the evidence would be different, and the adjudication in the one case would not be an adjudication in the other case. That the defendant has made no motion to consolidate the two causes, but has resisted the consolidation.

The court sustained the motion to consolidate the two causes, and also on his own motion, ordered that the cases be consolidated and tried in cause No. 50581. There was a trial and judgment in both cases for the plaintiffs. Defendant has appealed.

The first problem that we are confronted with, is whether or not the lower court erred in consolidating cause No. 50580 and cause No. 50581 for trial.

The appellant strenuously objected at the time the motion was made, and again urged it in his motion for a new trial. The appellee cites many cases, where a court of equity has consolidated causes for trial. It is so well recognized that a court of equity has the inherent power, in its discretion, to consolidate causes pending therein for the purpose of avoiding a multiplicity of suits, that citations are hardly necessary. See Cox Shoe Co. v. Adams et al., 105 Iowa 402, 75 N. W. 316.

But the cases at bar are not equity cases, they are law actions brought by different plaintiffs against the same defendant, the evidence in the two cases is not the same.

In Iowa we have a statute covering the consolidation of causes of action. It is as follows:

"Section 11226 of the Code of Iowa provides:

"When two or more actions are pending in the same court which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no sufficient cause is shown it shall be done."

It will be noted that the statute gives to the defendant the right upon motion and notice to the adverse party to ask the court to consolidate causes of the action. The legislature saw fit not to include that right to the plaintiff. The reasons for this may be many, but we are not interested in reasons, rather we must take the statute as written by the legislature, the law-making branch of our government. If we follow the appellees' contention, we will in reality be adding to the statute, by inserting in it the word "plaintiff". This we cannot do.

Cases from other states are of little help as many have no statute covering consolidation, and we of course are governed by the statute in this state. The appellees in a late supplemental brief call to our attention an early case, it is exceedingly interesting and we quote from same. In the case of Viele v. Germania Insurance Co., 26 Iowa 9, 47, 96 Am. Dec. 83, it is said:

"I am constrained to regard it, as it is in fact, as one contract, upon which the obligors are severally bound. The fact that each obligor is severally bound to pay a separate sum, to my mind, does not give a character to the instrument, nor remedy thereon, different from such as would exist were the obligors severally bound to pay the same sum. The extent or amount of the liability of the obligors upon the instrument does not, in my opinion, sustain the view that it is, in contemplation of law, four separate instruments. It is in fact one instrument, upon which the obligors are severally liable, and, in my opinion, comes within the purview of the section above referred to. I state these views with diffidence, and would not urge them were they not at the very foundation of my conclusion upon this point.

"Mr. Justice Cole concurs in affirming the ruling of the court below requiring the other causes to abide the verdict and judgment rendered in this one, but arrives at that conclusion upon a different course of reasoning. He thinks, that, under the peculiar facts of the case, the identity of the contract, pleadings, defense, plaintiff, and that, as no cause was shown by the

defendants, in answer to the rule, why the order should not have been made, its allowance was a matter within the discretion of the court, and that, as no abuse of that discretion appears from the record, and no prejudice appears from the record, and no prejudice appears to have resulted to the defendants, we should not interfere with the ruling. He is of opinion, however, that such practice should not be encouraged, as it might lead to abuses and work injustice. As no such results appear in this case, he is willing to sustain the order of the District Court.

"The Chief Justice and Mr. Justice Wright are able to concur in neither the views of Mr. Justice Cole, nor of those of the writer of this opinion, and unite in holding that the ruling of the District Court upon this point is erroneous. That ruling is, therefore, sustained by reason of a division in opinion of this court upon the question."

Thus we find that this court 75 years ago refused to hold that the plaintiff had a right in a law action, to have two causes consolidated for trial on plaintiff's motion.

In a very recent case, this court speaking through Chief Justice Hamilton said in the case of McKee v. National Travelers Casualty Association, 225 Iowa 1200, 1204, 282 N. W. 291, 293:

"No provision of the law has been called to our attention which would require the court on the request of plaintiff over the objections of the defendant to consolidate two separate actions. The statute compels such order on the part of the court only at the instance of the defendant and then only as to pending actions."

Again the court referring to the statute in force, Code section 11226, says:

"That this statute only has application to pending actions and only the defendant may make and file such motion."

Many other errors are urged, but as the case will be remanded for another trial, we do not find it necessary to consider them. It necessarily follows that the case must be and it is reversed.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.